UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JOHN RAPP, in his Personal Capacity and as Personal Representative of the Estate of NICHOLAS WINTON RAPP, deceased, et al., <br><br> Plaintiffs, <br> v. <br><br> NAPHCARE INC., et al, <br><br> Defendants. | CASE NO. C21-05800-DGE <br><br> ORDER DENYING PLAINTIFFS' MOTION TO CONSOLIDATE |

This matter comes before the Court on Plaintiffs' Motion to Consolidate this action with *Smith v. NaphCare*, Case No. C22-05069. (Dkt. No. 42.) Defendants Kitsap County and NaphCare oppose Plaintiffs' Motion. (Dkt. Nos. 45, 46.)

Federal Rule of Civil Procedure 42(a) provides this Court with broad discretion to consolidate cases that involve common questions of law or fact. *See Pierce v. County of Orange*, 526 F.3d 1190, 1203 (9th Cir. 2008). In making this determination, the court must weigh "the interest in judicial convenience against the potential delay, confusion and prejudice caused by

ORDER DENYING PLAINTIFFS' MOTION TO CONSOLIDATE - 1

consolidation." *Paxonet Commc'ns, Inc. v. TranSwitch Corp.*, 303 F.Supp.2d 1027, 1028 (N.D. Cal. 2003) (citations omitted). "Consolidation is within the broad discretion of the district court." *In re Adams Apple, Inc.*, 829 F.2d 1484, 1487 (9th Cir. 1987). "The moving party has the burden of persuading the court that consolidation is proper." *Olaplex LLC v. Groupon, Inc.*, 2019 WL 9042542, at *1 (C.D. Cal. Apr. 19, 2019) (quotations omitted).

Plaintiffs seek to consolidate this action with *Smith* alleging both cases contain "identical questions of both law and fact, involve overlapping witnesses, and implicate the Defendants' same policies, procedures and practices." (Dkt. No. 42 at 2.) Each case arises out of the deaths of inmates while in custody at the Kitsap County Jail. The *Smith* matter involves the death of Jeanna Rogers ("Rogers") on February 19, 2019 while this matter involves the death of Nicholas Rapp ("Rapp") on January 2, 2020. Both sets of Plaintiffs appear to allege similar claims against Kitsap County, NaphCare, and their respective employees.

However, the two matters are factually distinct. The allegations in this matter revolve around Rapp's detention at the Kitsap County Jail between December 31, 2019 and January 2, 2020 and involve questions about his intake, screening, supervision, and possible mental health treatment related to his use of drugs and alcohol. The allegations in *Smith* also involve issues related to supervision but are more deeply focused on Rogers' mental health treatment while detained at the jail, including treatment at the jail sometime before October 2018, and treatment between the end of October 2018 and the time of her death.

Though it might be concluded similar legal issues (and possibly some factual issues) are presented in both matters, there likely are significantly different issues considering the length of detention and the types of the interactions between the Defendants and Rogers. As a result, the Court does not believe the potential benefits of consolidating pretrial matters justify

consolidation and that consolidation may lead to complications during discovery and motion practice that are too difficult to assess at this time.

Accordingly, having considered the briefing and the remainder of the records in these cases, the Court finds and ORDERS that Plaintiffs' Motion to Consolidate (Dkt. No. 42) is DENIED.

Dated this 21st day of June 2022.

David G. Estudillo
United States District Judge