UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JOHN RAPP, et al.,<br><br>                    Plaintiffs,<br><br>        v.<br><br>NAPHCARE INC. et al.,<br><br>                    Defendants. | CASE NO. 3:21-cv-05800-DGE<br><br>ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO COMPEL |

## I       INTRODUCTION

This matter comes before the Court on Plaintiffs' motion to compel regarding Defendant NaphCare Inc. (Dkt. No. 81.) NaphCare opposed Plaintiffs' motion. (Dkt. No. 83.) Having reviewed the motion, all supporting materials, and the record, the Court GRANTS IN PART and DENIES IN PART Plaintiffs' motion to compel.

## II       BACKGROUND

Plaintiff served its first set of interrogatories and requests for production on NaphCare on January 14, 2022. (Dkt. No. 81 at 2.) Plaintiff moves to compel NaphCare's responses to

1    Interrogatories 12, 15, and 16, and Requests for Production 9, 12, 18, 22, 23, 29, 30, 31, 32, 33,

2    and 34.  (*Id*. at 3, 7–8.)  Plaintiffs' counsel conferred with NaphCare's counsel on October 14,

3    2022 before moving to compel.  (Dkt. No. 82 at 2.)  Therefore, the parties have fulfilled the meet

4    and confer requirement of Local Civil Rule 37(a).

5                                    **III      DISCUSSION**

6        **A.  Legal Standard**

7           "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any

8    party's claim or defense and proportional to the needs of the case, considering the importance of

9    the issues at stake in the action, the amount in controversy, the parties' relative access to relevant

10   information, the parties' resources, the importance of the discovery in resolving the issues, and

11   whether the burden or expense of the proposed discovery outweighs its likely benefit."  Fed. R.

12   Civ. P. 26(b)(1).  If requested discovery is not answered, the requesting party may move for an

13   order compelling such discovery.  Fed. R. Civ. P. 37(a)(1).  The party that resists discovery has

14   the burden to show why the discovery request should be denied.  *Blankenship v. Hearst Corp.*,

15   519 F.2d 418, 429 (9th Cir. 1975).

16       **B.  Plaintiffs'** *Monell* **Claim**

17          As a threshold issue, many of NaphCare's objections hinge on its contention that

18   Plaintiffs have not alleged a § 1983 claim against NaphCare or "specific facts concerning a

19   particular NaphCare policy that was the moving force behind the alleged violation of § 1983."

20   (Dkt. No. 83 at 11.)  Plaintiffs argue, under their Sixth Cause of Action, NaphCare knew of and

21   callously disregarded the excessive risk to inmate health and safety caused by its inadequate

22   formal and informal policies and established practices that put profit ahead of care.  (Dkt. No. 81

23   at 5) (citing Dkt. No. 63 at 54).  Specifically, Plaintiffs alleged Nick Rapp was informed he

24

1  would be required to pay for mental health assistance (Dkt. No. 63 at 20), and NaphCare's

2  medical director relied on LPNs (Licensed Practical Nurses) to make independent assessments

3  and treatment decisions (*id.* at 21–22) and was not qualified for the position (*id.* at 43).[1]

4  In essence, NaphCare argues Plaintiffs fail to state a claim.  The Court questions

5  NaphCare's decision to raise this argument in a discovery motion instead of a motion to dismiss

6  under Federal Rule of Civil Procedure 12(b)(6).  Indeed, Defendants filed a motion to dismiss

7  but did not touch upon Plaintiffs' *Monell* claim against NaphCare.  (*See generally* Dkt. No. 66.)

8  Thus, NaphCare's arguments are misplaced.  Notwithstanding the procedural posture of

9  NaphCare's arguments, the Court finds Plaintiffs' factual allegations adequately state a *Monell*

10  claim against NaphCare.

11  **C.  Discovery Requests Related to NaphCare's Financial Condition**

12  "A defendant's net worth and financial condition is relevant to the issue of punitive

13  damages."  *Dawson v. S. Corr. Entity*, No. C19-1987RSM, 2021 WL 843141, at *3 (W.D. Wash.

14  Mar. 5, 2021) (citing *TXO Production Corp. v. Alliance Resources Corp.*, 509 U.S. 443, 462

15  (1993)).  Punitive damages are available under § 1983 if the defendant is not a municipality.  *See*

16  *Pac. Mut. Life Ins. Co. v. Haslip*, 499 U.S. 1, 17 (1991); *see also Kentucky v. Graham*, 473 U.S.

17  159, 167 n.13 (1985).  Because NaphCare is a private entity, punitive damages are available.  *See*

18  *Zeigler v. Las Vegas Metro. Police Dep't*, No. 2:11-CV-01301-JAD, 2015 WL 355422, at *7 (D.

19  Nev. Jan. 27, 2015).  Further, "[n]o specific prayer for . . . punitive damages is needed."

20  *Cancellier v. Federated Dep't Stores*, 672 F.2d 1312, 1319 (9th Cir. 1982); *see also Eklund v.*

21

22

23  [1] It would have been easier to review the *Monell* claim had the 55-page Second Amended
   Complaint simply summarized these factual allegations together in one section labeled "Facts
24  supporting *Monell* claim against Naphcare" (or some other similar title).

1   *City of Seattle*, No. C06-1815Z, 2009 WL 1916066, at *6 (W.D. Wash. June 30, 2009), *rev'd and*

2   *remanded on other grounds*, 628 F.3d 473 (9th Cir. 2010).

3          NaphCare objects to all discovery requests concerning its financial status, arguing "the

4   facts within the § 1983 claim are not against NaphCare, but against individuals who worked for

5   NaphCare, who are then individually named as subject to punitive damages."  (Dkt. No. 83 at

6   11.)  NaphCare points to the Second Amended Complaint (SAC) "Relief Requested" section,

7   which states "Plaintiff requests a judgment against all Defendants . . . [p]unitive damages[.]"  (*Id.*

8   at 10) (referencing Dkt. No. 63 at 55.)  NaphCare argues "Plaintiffs cannot seek discovery

9   against NaphCare solely based on a 'relief requested' section of their Complaint."  (*Id.* at 11.)

10  NaphCare further argues "[a]t no point in the SAC do Plaintiffs allege specific facts concerning a

11  particular NaphCare policy that was the moving force behind the alleged violation of § 1983."

12  (*Id.*)

13         NaphCare's arguments fail for two reasons.  First, although Plaintiffs do not specify

14  which Defendants are subject to punitive damages in its "Relief Requested" section, no specific

15  prayer is required.  *See Cancellier*, 672 F.2d at 1319.  Second, as discussed above, a motion to

16  dismiss, not a discovery motion, would be the appropriate place for NaphCare to argue Plaintiffs'

17  SAC lacks specific facts concerning a particular NaphCare policy.  Therefore, Plaintiffs allege a

18  live *Monell* claim and NaphCare's financial condition is relevant.

19         However, the Court agrees with NaphCare that Plaintiffs' discovery requests for financial

20  information are overly broad given they contain no time limit.  In their motion to compel,

21  Plaintiffs state:

22          In an effort to compromise, Plaintiffs are willing to limit this request to financial
            statements provided to banks or other lenders to establish eligibility for a loan or
23          line of credit, statements demonstrating the company's solvency, and tax returns
            for the current fiscal year. (Dkt. No. 81 at 4.)

24

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

Accordingly, NaphCare need not reply to Interrogatories 15 and 16, and Requests for Production 29, 30, 31, 32, 33, and 34.  NaphCare shall provide Plaintiffs a full and complete response to their revised request for financial documents.

### D.  Discovery Requests Related to NaphCare's History of Inmate Mental Health Treatment

Interrogatory 12: Identify all in-custody suicides that have occurred at facilities where Naphcare provides services from 2010 to present.  For each suicide, indicate the name of the inmate, date of the suicide or attempt, manner of the suicide or attempt, and whether an investigation or mortality review was conducted.  (Dkt. No. 82-1 at 16.)

Request for Production 9: Produce all mortality reviews, morbidity reports, root cause analyses, or any similar type of internal audits or reviews relating to suicides in corrections facilities where Naphcare provides services the past ten (10) years. (*Id.* at 24.)

Request for Production 12: Produce all audits of Naphcare medical or mental health services conducted at any time in the past fifteen (10) years,[2] together with all documents and materials generated in connection with or in response to any such audit.  (*Id.* at 26.)

Request for Production 18: Produce all documents and materials reflecting any prospective risk-management analysis performed with regard to inmate or detainee deaths created at any time in the ten (10) years preceding the Subject Confinement. (*Id.* at 29.)

Plaintiffs have agreed to limit Interrogatory 12 and Request for Production 9 to suicides rather than suicide attempts.  (Dkt. No. 81 at 8.)  Further, with respect to Interrogatory 12 and Requests for Production 9, 12, and 18, Plaintiffs limit their requests to NaphCare facilities in Washington state.  (*Id.*)

NaphCare argues, even with modifications, these requests are outside the scope of Federal Rule of Civil Procedure 26 because "Plaintiffs have failed to show that suicides in

---

[2] Plaintiffs ask for both ten and 15 years of documents.  It appears 15 years is a typo.  Because the Court limits the timeframe to five years, this typo is immaterial.  (*See infra* Section III, D at 7.)

1   different jails, in different counties, in different manners, with different circumstances will

2   provide any relevant evidence to Plaintiffs' *Monell* claims." (Dkt. No. 83 at 9.)

3           On the other hand, Plaintiffs argue other suicides at NaphCare facilities can be used as

4   evidentiary support of the established practice at Kitsap County. (*See* Dkt. No. 84 at 6.) For

5   example, in the case *Cineus v. Fla. Dep't of Corr.*, No. 8:21-CV-1659-MSS-SPF, 2022 WL

6   4448599, at *5–6 (M.D. Fla. Sept. 23, 2022), the plaintiff shored up her allegations against the

7   medical contractor by identifying five other inmates who received deficient care at other Florida

8   prisons to support her contention that the medical contractor had an established practice of

9   unconstitutional levels of care.[3] Because Plaintiffs' SAC alleges NaphCare's policy and practice

10  of profit over care occurred nationally, the Court finds in-custody suicide records relevant

11  beyond Kitsap County Jail. Specifically, Plaintiffs allege NaphCare is so profitable because its

12  founder "implemented a nationwide policy to put up 'barriers so that [inmates] do not avail

13  themselves to unnecessary treatment." (Dkt. No. 63 at 7–8.) Then, "Nick [Rapp] was informed

14  that if he wanted any further medical or mental health assistance he would have to pay for it [via

15  a medical access fee or medication fee]—an integral component of the NaphCare for-profit

16  scheme." (*Id.* at 20.)

17          Plaintiffs also point to their allegation that NaphCare failed to conduct an intake

18  screening, arguing "[t]his was a NaphCare established practice, not a NaphCare-only-while-

19

20  [3] Plaintiffs also cite *Robinson v. Pytlewski*, No. 19-1025, 2022 WL 2359359, at *12 (D. Md. June
21  30, 2022) and *Lewis v. Cnty. of Northumberland*, No. 14-2126, 2016 WL 7239937, at *5 (M.D.
    Pa. Dec. 15, 2016). The *Robinson* order considers whether the plaintiff's amended *Monell* claim
22  "relates back" or share a common nucleus with their original pleading such that the allegations in
    the amended complaint are not timed barred by the statute of limitations. The *Lewis* order involves
23  a motion to dismiss for failure to state a *Monell* claim. The Court finds neither case provides clear
    support for Plaintiffs' argument as they do not contemplate the appropriate breadth of discovery
24  under Federal Rule of Civil Procedure 26(b)(1).

1   operating-at-Kitsap County established practice."  (Dkt. No. 84 at 5–6.) Plaintiffs cite *Dawson*,

2   where the district court denied summary judgment on the plaintiff's *Monell* claim based on

3   NaphCare's alleged "custom or training deficiency of not properly screening mentally ill inmates

4   pursuant to a NaphCare policy."  *Dawson v. S. Corr. Entity*, No. C19-1987RSM, 2021 WL

5   4244202, at *6 (W.D. Wash. Sept. 17, 2021).  Plaintiffs argue this case shows NaphCare's policy

6   or practice occurred across at least one other jail in Washington.  The Court finds Plaintiffs have

7   adequately shown the potential relevance of information and documents from other NaphCare

8   jails in Washington for Interrogatory 12 and Requests for Production 9, 12, and 18.

9          That said, the reach of discovery must be proportional to the needs of the case.  Plaintiffs

10   have not carried their burden of explaining why they required information and documents going

11   back ten or more years.  Plaintiffs do not indicate how long NaphCare's policy and established

12   practice have been in place.  Further, Plaintiffs do not explain why Interrogatory 12 and Request

13   for Production 9 request information and documents from all *facilities* where NaphCare provides

14   services.  Plaintiffs' claims arise out of NaphCare's policies and practices at Kitsap County Jail.

15   Similarly, *Dawson* involves a Washington jail where NaphCare provides services.  No. C19-

16   1987RSM, 2021 WL 4244202, at *1 (W.D. Wash. Sept. 17, 2021).  Plaintiffs do not explain why

17   NaphCare must provide records for all facilities, which could include prisons and therefore do

18   not have a clear connection to Plaintiffs' case.  For example, in *Cineus*, the plaintiff's son

19   received deficient care while incarcerated in a Florida prison and to support the *Monell* claim, the

20   plaintiff presented evidence relating to five other individuals incarcerated in Florida prisons

21   served by the same medical contractor.  Accordingly, the Court limits Interrogatory 12 and

22   Requests for Production 9, 12, and 18 to jails served by NaphCare in Washington state for the

23   five years preceding the date the discovery was requested.

24

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO COMPEL - 7

1        In its written objections, NaphCare also opposes the discovery requests above as

2  potentially conflicting with Health Insurance Portability and Accountability Act of 1996 [HIPA]

3  (Dkt. No. 82-1 at 17)  and Washington state statutes protecting medical quality improvement

4  documents from discovery—Revised Code of Washington §§ 43.70.510, 4.24.250, and

5  70.41.202.  (*Id.*)  The Court overrules these objections.  HIPPA allows an entity to disclose

6  information for judicial proceedings in response to a discovery request if it receives satisfactory

7  assurances that a protective order is in place.  *See* 45 C.F.R. § 164.51(e)(1)(ii)(B) and (e)(1)(v).

8  In this case, the parties have already entered a Stipulated Protective Order, which the parties can

9  amend if needed to seek adequate assurances of confidentiality.  (*See* Dkt. No. 60.)   Further, the

10  state statutes raised by NaphCare are not controlling.  Where a plaintiff sues under both federal

11  and state law, federal law applies unless the evidence pertains exclusively to the state law claims.

12  *In re TFT-LCD (Flat Panel) Antitrust Litig.*, 835 F.3d 1155, 1158 (9th Cir. 2016); *see also Point*

13  *Ruston, LLC v. Pac. Nw. Reg'l Council of United Bhd. of Carpenters & Joiners of Am.*, No. C09-

14  5232BHS, 2009 WL 5125395, at \*2 (W.D. Wash. Dec. 18, 2009).  Here, Plaintiffs seek

15  information about previous suicides at jails at which NaphCare provides medical services to

16  support their § 1983 claim.  (*See* Dkt. No. 81 at 7–8.)  Thus, the Court will not apply state law

17  privileges in this context.[4]

**E.  Documents Related to NaphCare's Budget**

19  <u>Request for Production 22</u>: Produce all documents and materials relating to any
internal budget for operations in connection with any agreement for inmate health
care and/or mental health care services at the Kitsap County Jail, including, but not
limited to, any actual or projected budget, budget line-items, budget breakdown by

---

[4] In its written objections, NaphCare also claims the terms "audits" and "risk-management analysis" are vague and ambiguous without fully explaining its objections.  (Dkt. No. 82-1 at 26, 29–30.)  The Court suggests the parties confer to dispel any confusion over the terms in the discovery requests, without Court intervention.

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO COMPEL - 8

category, and documents or materials reflecting an analysis of actual costs and expenses relative to budget.  (Dkt. No. 82-1 at 31.)

<u>Request for Production 23</u>: Produce all documents and materials expressing or communicating any concerns or questions relating to budget overages (whether in whole or specific to any line-item or category of expense) in connection with any agreement for inmate health care and/or mental health care services at the Kitsap County Jail.  (*Id.*)

NaphCare argues "there is no specific monetary policy which Plaintiffs have pointed to which caused [Nick] Rapp's suicide[.] . . . [T]hese requests amount to a fishing expedition and thus should not be condoned."  (Dkt. No. 83 at 10.)  NaphCare raises the same objections to both requests:

Objection. This request is outside the scope of discovery under FRCP 26(b). This request is also overly broad, vague, ambiguous and premature. First, this request is not limited in time regarding the financial information it seeks. Second, Plaintiffs seek Defendant NaphCare's confidential financial information. Plaintiffs have failed to allege any allegations or claims that would warrant unfettered access to Defendant NaphCare's operating budget spanning several years or decades. Given the claims plead, the requested budget information will not lead to the discovery of any admissible evidence.

(Dkt. No. 82-1 at 31–32.)

Plaintiffs argue Requests for Production 22 and 23 are not a fishing expedition, because the motivations behind policies are proper subjects for discovery in a *Monell* suit, and Plaintiffs allege NaphCare policy and practice intended to reduce overall expenditures so that it could maximize profit.  (Dkt. No. 84 at 4) (citing *Green v. Obsu*, No. CV ELH-19-2068, 2021 WL 165135, at *15 (D. Md. Jan. 19, 2021) ("[W]here, as here, a corporate entity . . . is alleged to maintain a policy sanctioning the denial of needed medical care as a result of financial considerations, the entity may be liable for a violation of an inmate's constitutional rights.").

The Court agrees with Plaintiffs' argument that documents relating to NaphCare's budgeting for mental health care services at Kitsap County Jail are relevant.  However, it also

agrees with NaphCare's objection that the requests are overly broad because it is not limited in time.  NaphCare claims its financial information is confidential but does not assert what privilege protects this information from disclosure.  Therefore, NaphCare shall respond to Requests for Production 22 and 23 with all responsive documents and materials for the five years preceding the date the discovery was requested.

## IV     CONCLUSION

Accordingly, and having considered Plaintiffs' motion, the briefing of the parties, and the remainder of the record, the Court finds and ORDERS that Plaintiffs' motion to compel is GRANTED IN PART and DENIED IN PART.

1. Plaintiffs' motion to compel is DENIED as to **Interrogatories 15 and 16**, and **Requests for Production 29, 30, 31, 32, 33, and 34**.  Instead, NaphCare shall provide financial statements provided to banks or other lenders to establish eligibility for a loan or line of credit, statements demonstrating the company's solvency, and tax returns for the current fiscal year.

2. Plaintiffs' motion to compel is GRANTED as to the requests below, which have been edited by the Court, on the terms set forth in this order:

   a. **Interrogatory 12**: Identify all in-custody suicides that have occurred at jails where Naphcare provides services in Washington state from the five years preceding the date the discovery was requested.  For each suicide, indicate the name of the inmate, date of the suicide, manner of the suicide, and whether an investigation or mortality review was conducted.  (*See* Dkt. No. 82-1 at 16.)

   b. **Request for Production 9**: Produce all mortality reviews, morbidity reports, root cause analyses, or any similar type of internal audits or reviews relating to suicides in jails where Naphcare provides services in Washington state from the five years preceding the date the discovery was requested.  (*See id.* at 24.)

   c. **Request for Production 12**: Produce all audits of Naphcare medical or mental health services in Washington state conducted at any time in the five years preceding the date the discovery was requested, together with all documents and materials generated in connection with or in response to any such audit.  (*See id.* at 26.)

     d.  **Request for Production 18**: Produce all documents and materials reflecting any prospective risk-management analysis performed with regard to detainee deaths in Washington state created at any time in the five years preceding the Subject Confinement.  (*See id.* at 29.)

     e.  **Request for Production 22**: Produce all documents and materials relating to any internal budget for operations in connection with any agreement for inmate health care and/or mental health care services at the Kitsap County Jail, including, but not limited to, any actual or projected budget, budget line-items, budget breakdown by category, and documents or materials reflecting an analysis of actual costs and expenses relative to budget from the five years preceding the Subject Confinement.  (*See id.* at 31.)

     f.  **Request for Production 23**: Produce all documents and materials expressing or communicating any concerns or questions relating to budget overages (whether in whole or specific to any line-item or category of expense) in connection with any agreement for inmate health care and/or mental health care services at the Kitsap County Jail from the five years preceding the Subject Confinement.  (*See id.* at 32.)

3.  NaphCare must provide all responsive documents within 21 days of this order.

Dated this 24th day of January, 2023.

David G. Estudillo
United States District Judge