UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JOHN RAPP et al.,<br><br>               Plaintiffs,<br>    v.<br><br>NAPHCARE, INC. et al.,<br><br>               Defendants. | CASE NO. 3:21-cv-05800-DGE<br><br>ORDER GRANTING IN PART PARTIAL MOTION FOR SUMMARY JUDGMENT (DKT. NO. 88) |

## I      INTRODUCTION

This matter comes before the Court on Plaintiffs' motion for partial summary judgement. (Dkt. No. 88.) For the reasons discussed herein, the Court GRANTS in part Plaintiffs' motion for summary judgment as to certain affirmative defenses raised by Defendants Erica Molina ("Molina") and Ripsy Nagra ("Nagra") and DENIES as moot Plaintiffs' motion for summary judgment as to elements of the Estate of Nicholas Rapp's ("Estate") negligence claim against Defendant Kitsap County.

ORDER GRANTING IN PART PARTIAL MOTION FOR SUMMARY JUDGMENT (DKT. NO. 88) - 1

## II    BACKGROUND

This case concerns the suicide of Nicholas Rapp ("Nicholas"[1]) on January 2, 2020, while in custody at the Kitsap County Jail.  The Court has previously summarized the factual background of this case in prior orders (*see, e.g.*, Dkt. Nos. 111 at 2–4, 198 at 2–5) and, for purposes of judicial economy, incorporates this background into the instant order.

Plaintiffs John Rapp ("John"), in his personal capacity and as personal representative for the Estate, N.R., Nicholas's minor child, and Judith Rapp ("Judith") filed their motion for partial summary judgment on December 8, 2022.  (Dkt. No. 88.)  The motion seeks partial summary judgment as to four of Molina and Nagra's affirmative defenses and summary judgment as to elements of the Estate's negligence claim against Kitsap County.  (*Id.* at 1.)  Kitsap County filed their response in opposition to the motion on December 29, 2022.  (Dkt. No. 131.)  Molina and Nagra filed their response in opposition to the motion on January 3, 2023.  (Dkt. No. 137.) Plaintiffs filed a timely reply to Kitsap County's response brief on January 6, 2023.  (Dkt. No. 146.)  Plaintiffs subsequently filed an untimely reply to Molina and Nagra's response brief on January 10, 2023.  (Dkt. No. 148.)  Molina and Nagra subsequently filed a surreply brief, highlighting Plaintiffs' failure to adhere to the local rules and relevant noting date and seeking to strike Plaintiffs' reply brief.  (Dkt. No. 150.)

## III    DISCUSSION

### A. Legal Standard

Summary judgment is warranted if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Only disputes over facts that might affect the outcome of the suit under the governing

---

[1] Respectfully, first names are used to distinguish the individual Rapp family members.

law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The party seeking summary judgment bears the initial burden to establish that there is no "genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The moving party may satisfy this burden by pointing out, through argument, that the non-moving party has failed to support a claim or defense. *See Fairbank v. Wunderman Cato Johnson*, 212 F.3d 528, 531 (9th Cir. 2000). The Court views the evidence "in the light most favorable to the nonmoving party and drawing all justifiable inferences in its favor." *Johnson v. Poway Unified Sch. Dist.*, 658 F.3d 954, 960 (9th Cir. 2011) (quoting *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 772 (9th Cir. 2002)).

### B. Molina and Nagra Affirmative Defenses[2]

Plaintiffs assert summary judgment is warranted as to certain of Molina and Nagra's affirmative defenses because they "are factually insufficient, legally insufficient, or impertinent." (Dkt. No. 88 at 11.)

#### a. First Affirmative Defense

Plaintiffs first challenge Molina and Nagra's affirmative defense of "failure to state a claim" as legally insufficient. (*Id.* at 11.) Molina and Nagra do not contest Plaintiffs' claims. (*See* Dkt. No. 137 at 13.) The Court agrees with Plaintiffs that failure to state a claim is not, as a matter of law, an appropriate affirmative defense. *See Zivkovic v. S. California Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002) ("A defense which demonstrates that plaintiff has not met its burden of proof is not an affirmative defense.")

---

[2] The Court will not consider Plaintiffs' reply brief (Dkt. No. 148) because it was not timely filed and Plaintiffs do not provide any reason for their tardiness. *See Long v. USAA Cas. Ins. Co.*, No. C19-568-RSL, 2022 WL 194474, at *1 (W.D. Wash. Jan. 21, 2022).

Accordingly, the Court GRANTS summary judgment to Plaintiffs with respect to Molina and Nagra's first affirmative defense.

### b.  Fifth Affirmative Defense

The Court also agrees with Plaintiffs, and Molina and Nagra do not contest, that an affirmative defense of insufficient process or service of process is inappropriate and summary judgment is warranted on this defense.

As Plaintiffs note, Molina waived service of process (*see* Dkt. No. 14) and Nagra was served on February 5, 2022 (*see* Dkt. No. 33).  The Court therefore GRANTS summary judgment to Plaintiffs with respect to Molina and Nagra's fifth affirmative defense.

### c.  Second Affirmative Defense

Plaintiffs also argue they are entitled to judgment as a matter of law on Molina and Nagra's second affirmative defense—contributory negligence.  (Dkt. No. 88 at 12.)

According to Plaintiffs, it would be erroneous for the Court to permit Molina and Nagra to assert the defense of contributory negligence because Washington recognizes that jailers have an affirmative and non-delegable duty of care for individuals in their custody.  (*Id.* at 12–13.)

Molina and Nagra, by contrast, argue that Nicholas had a duty of reasonable care to prevent further harm to himself and that "[c]ourts have applied this duty of reasonable care in cases of incarcerated inmates and patient suicide, where the patient repeatedly failed to inform the providers about any suicidal risks or ideations." (Dkt. No. 137 at 15.)  They further argue that Nicholas's parents and Megan Wabnitz are also contributorily negligent since they failed to inform Nicholas's jailers and medical providers of his known risk of suicide.  (*Id.* at 16.)

In Washington, "jailers have a special relationship with inmates, creating an affirmative duty to provide for inmate health, welfare, and safety." *Gregoire v. City of Oak Harbor*, 244

1   P.3d 924, 929 (Wash. 2010) (en banc); *see also Matter of Williams*, 496 P.3d 289, 299 (Wash.

2   2021).  This affirmative duty to protect inmates from harm "includes protection from self-

3   inflicted harm and, in that light, contributory negligence has no place in such a scheme."  244

4   P.3d at 931.

5          Plaintiffs rely primarily on Justice Sanders' plurality opinion in *Gregoire* to argue that

6   jailers may not, as a matter of law, raise a defense of contributory negligence.  (Dkt. No. 88 at

7   12–13).  In that opinion, Justice Sanders announced that "[t]he jail's duty to protect inmates

8   includes protection from self-inflicted harm and, in that light, contributory negligence has no

9   place in such a scheme."  *Gregoire*, 244 P.3d at 931.  The Court, however, agrees with the

10  reasoning of Judge Tana Lin that a majority of justices in *Gregoire* did not categorically

11  determine that the defense of contributory negligence was barred where an inmate commits

12  suicide while in custody.  *See Cooper v. Whatcom Cnty.*, No. 2:20-CV-01196-TL, 2023 WL

13  157572, at *11 (W.D. Wash. Jan. 11, 2023).

14          In fact, Justice Madsen's concurrence/dissent appears to have gained a majority of the

15  court on the issue of whether the jail's affirmative duty precludes a defense of contributory

16  negligence.  In her opinion, Justice Madsen argues "[b]oth jail officials and Gregoire had

17  duties—to provide for health and safety, and of self-care, respectively—and absent proof that the

18  jail assumed Gregoire's duty of self-care, the trial court on remand should be free to consider

19  whether to instruct the jury on comparative fault."  *Gregoire*, 244 P.3d at 937 (Madsen, J.,

20  concurrence/dissent).  As Judge Lin notes, "[b]etween the partial concurrence and the dissent,

21  Chief Justice Madsen's conclusion about contributory fault in a jail setting—which was

22  collectively joined by four other Justices—therefore appears to represent the majority position of

23  the court."  *Cooper*, 2023 WL 157572, at *11; *see also* Rachael Clark, *Piecing Together*

24

ORDER GRANTING IN PART PARTIAL MOTION FOR SUMMARY JUDGMENT (DKT. NO. 88) - 5

*Precedent: Fragmented Decisions from the Washington State Supreme Court*, 94 WASH. L. REV. 1989, 1992 (2019) ("The Court extracts precedential value from a fragmented decision when there is any single point of reasoning that at least five justices agree with, regardless of whether they concur or dissent in the judgment.").

Despite this initial, tenuous majority, the Washington Supreme Court subsequently embraced Justice Sanders' conclusion that jailers may not raise contributory negligence as a defense to an inmate's suicide. In *Hendrickson v. Moses Lake Sch. Dist.*, 428 P.3d 1197 (2018), the Washington Supreme Court, sitting en banc, noted that the court "held [in *Gregoire*] that a prison may not assert a defense of contributory negligence in situations of inmate suicide." *Id.* at 1206.[3] Given the Court's subsequent reassessment (and apparent adoption) of Justice Sanders' position in *Gregoire*, the Court finds that a defense of contributory negligence, as against Nicholas, is precluded by state law and therefore the Court GRANTS in part summary judgment to Plaintiffs on this affirmative defense.[4]

        d.   *Fourth Affirmative Defense*

Plaintiffs argue that they are entitled to summary judgment on Molina and Nagra's fourth affirmative defense, failure to mitigate damages. (Dkt. No. 88 at 13.)

---

[3] Notably, Justice Madsen concurred with *Hendrickson* in its entirety.

[4] The Court reserves ruling on the issue of whether Wabnitz, John, and Judith could be contributorily negligent for Nicholas's death for lack of adequate briefing. Neither *Gregoire* nor *Hendrickson* address whether a jailer may hold a third party contributorily negligent for an inmate's suicide. To be held contributorily negligent, the tortfeasor must have a duty of care to the injured party. *See Webstad v. Stortini*, 924 P.2d 940, 945 (Wash. Ct. App. 1996). There is no general duty to prevent another party's suicide unless a special relationship exists or where a party "has affirmatively acted and then realizes or should realize that he or she has created an unreasonable risk of physical harm to another." *See id.* at 947–49. Neither party addressed this standard in the briefs this Court considered or put forward facts indicating the existence or absence of such a duty.

First, Plaintiffs assert that because Nicholas's jailers owed him a nondelegable duty of care, he cannot have been required to mitigate damages. (*Id.* at 13.)  Alternatively, even if Nicholas was required to mitigated damages, his death precludes any mitigation of damages since such a defense typically focuses on mitigation of damages after the offending injury has occurred. (*Id.* at 13–14.)

Molina and Nagra, in response, argue that such a defense is warranted because Plaintiffs seek damages for pain and suffering resulting from medical negligence that occurred prior to Nicholas's death. (Dkt. No. 137 at 18.)

The Washington Supreme Court's reasoning related to contributory negligence appears to bar a defense of failure to mitigate damages.  Though the court does not specifically address failure to mitigate in *Gregoire* or *Hendrickson*, requiring an inmate to mitigate their damages despite the affirmative duty owed to them by the jailer "would absolve a prison of its duty to protect that inmate from injuring him- or herself." *Hendrickson*, 428 P.3d at 1206.  Moreover, Washington's "contributory fault statute encompasses a broader range of plaintiff conduct than the earlier provision and includes negligence, assumption of risk, strict liability, unreasonable failure to avoid injury, and unreasonable failure to mitigate damages." *Christensen v. Royal Sch. Dist. No. 160*, 124 P.3d 283, 289 (2005) (Madsen, J., concurrence/dissent); *see also* Wash. Rev. Code §§ 4.22.005, 4.22.015.

The Court therefore GRANTS Plaintiffs' request for summary judgment on Molina and Nagra's fourth affirmative defense.

### C. Negligence Claim against Kitsap County

Plaintiffs separately move for partial summary judgment as to elements of the Estate's negligence claim against Kitsap County. (Dkt. No. 88 at 14.)  However, the Court has already

entered default against Kitsap County as to Plaintiffs negligence claims.  (*See* Dkt. No. 198)  The Court therefore DENIES this part of the motion as moot.

## IV     CONCLUSION

Accordingly, and having considered Plaintiffs' motion (Dkt. No. 88), the briefing of the parties, and the remainder of the record, the Court finds and ORDERS that Plaintiffs' motion is GRANTED in part.  The Court GRANTS in part Plaintiffs' motion for summary judgment as to the aforementioned affirmative defenses raised by Defendants Molina and Nagra and DENIES Plaintiffs' remaining motion for summary judgment on elements of its negligence claim against Kitsap County as moot.

Dated this 8th day of June, 2023.

David G. Estudillo
United States District Judge