THE HONORABLE JUDGE DAVID G. ESTUDILLO

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOHN RAPP, in his Personal Capacity and as Personal Representative of the Estate of NICHOLAS WINTON RAPP, deceased; et al.,

Plaintiffs,

-vs-

NAPHCARE, INC., an Alabama Corporation, et al.,

Defendants.

NO. 3:21−cv−05800−DGE

KITSAP COUNTY'S RESPONSE TO PLAINTIFFS' MOTION FOR ATTORNEY FEES

NOTE ON MOTION CALENDAR:
June 23, 2023

## I.  RESPONSE

Kitsap County respectfully requests that the Court stay a ruling on Plaintiffs' request for attorney fees until the Court rules on Kitsap County's pending motion for reconsideration (Dkt. 207) and motion to certify for interlocutory appeal (Dkt. 210). Should the Court consider Plaintiffs' request for fees at this time, the Court should reduce the fees claimed by $53,845 and enter an award in an amount no more than $21,455[1] in attorney fees and $505.25 in costs which reflects only those fees and costs that are reasonable and related to the Court's finding of spoliation.

---

[1] Plaintiffs seek a total of $76,250 in attorney fees. A reduction of $53,845 results in total attorney fees of $21,455.

KITSAP COUNTY'S MOTION FOR RECONSIDERATION
(3:21−cv−05800−DGE) – Page 1

**CHAD M. ENRIGHT**
Kitsap County Prosecuting Attorney
614 Division Street, MS-35A
Port Orchard, WA 98366-4676
(360) 337-4992   Fax (360) 337-7083
www.kitsapgov.com/pros

## II. RELEVANT FACTS

### A. Kitsap County Was Not Evasive

Plaintiffs assert that Kitsap County was evasive in response to discovery requests. This is not correct. Kitsap County went to significant lengths to respond to all of Plaintiffs' inquiries regarding video evidence.

In January 2022, Plaintiffs served their initial discovery requests on the County. Declaration of Christine Palmer ("Palmer Dec."), ¶2. Kitsap County and Plaintiffs engaged in multiple discovery conferences. Id. Plaintiffs' Request for Production No. 1 was extremely broad in scope and requested the production of "all documents and materials that mention, reference, or relate to Nicholas Rapp, including jail records, medical records, any kind of form or report, photos, texts, e-mails, social media messages, diaries, notes, memos, or any other printed or electronically stored information." Id. at ¶3. This request was inclusive of jail records, but not limited to jail records. Id. This request demanded the production of any document "related" to Nicholas Rapp in any way. As a municipal subdivision of the state, Kitsap County could have numerous categories of records that might mention an individual by name, such as permit records, property tax records, assessor records, police records, criminal files, court records, or traffic infractions. Id. Kitsap County objected to the breadth of Plaintiffs' request. Id. Despite its objection, in April 2022, Kitsap County produced all of Nicholas Rapp's known jail records and every video file preserved in accordance with Plaintiffs' preservation letter. Id. Plaintiffs never clarified the scope of their request or requested a discovery conference to discuss the County's objections. Id.

At the time the County responded to Plaintiffs' discovery requests in April 2022, the County's lead counsel was engaged in an ongoing review of the case materials. Id. at ¶4. That same counsel had not been employed by the County in 2020, when the County had collected and

KITSAP COUNTY'S MOTION FOR RECONSIDERATION
(3:21−cv−05800−DGE) – Page 2

**CHAD M. ENRIGHT**
Kitsap County Prosecuting Attorney
614 Division Street, MS-35A
Port Orchard, WA 98366-4676
(360) 337-4992   Fax (360) 337-7083
www.kitsapgov.com/pros

preserved records in response to Plaintiffs' preservation letter. Id. The County's counsel endeavored to review the case files upon initiation of the lawsuit. Id. By April 2022, the County's counsel had not yet completed an in-depth review of all 28+ hours of footage and was not aware there was a potential gap in footage from inside Mr. Rapp's unit for January 1, 2020. Id. Nonetheless, Kitsap County swiftly produced all videos that had been preserved and responded in accordance with its knowledge of the preserved videos at the time. Id.

When Plaintiffs first inquired regarding additional footage from a specific camera in August 2022, Kitsap County responded immediately and confirmed that all preserved footage had been produced. Id. at ¶5. Kitsap County went to great lengths to respond to all of Plaintiffs' inquiries regarding video footage. Id. at ¶¶5-9 (Exhibits A through E). The County's counsel even provided a screen shot of counsel's own computer files identifying the video footage in its possession to confirm that Plaintiffs received everything. Id. at ¶7 (Exhibit C). Plaintiffs appeared satisfied and thanked the County for its clarification. Id. at ¶6 (Exhibit B). When Plaintiffs requested a discovery conference to discuss Kitsap County's discovery responses, they did not raise any issue with the County's response to RFP 1 at any time. Id., ¶10 (Exhibit F).

Plaintiffs take issue with the fact that Kitsap County produced all videos it had preserved, improperly calling some of these videos "non-descript." However, Kitsap County produced all video footage that was preserved in accordance with Plaintiffs' preservation letter. Kitsap County clearly communicated on multiple occasions that it had produced all preserved videos. Id. at ¶¶5-9 (Exhibits A through E).

B. **Plaintiffs' Counsel's Fees Include Tasks Not Caused by Spoliation**

Plaintiffs provide numerous pages of partially redacted billing entries but do not show how they arrive at the requested amount of attorney fees. Kitsap County reviewed these billing entries

KITSAP COUNTY'S MOTION FOR RECONSIDERATION
(3:21−cv−05800−DGE) – Page 3

**CHAD M. ENRIGHT**
Kitsap County Prosecuting Attorney
614 Division Street, MS-35A
Port Orchard, WA 98366-4676
(360) 337-4992   Fax (360) 337-7083
www.kitsapgov.com/pros

and prepared a table summarizing the same. See Palmer Dec., Exhibit I. For ease of reference, specific billing entries are identified by their "line item" number in Palmer Dec., Exhibit I.

Plaintiffs seek attorney fees for the following tasks which are unrelated to spoliation:

**1. Review of Discovery**

Plaintiffs seek 43.5 hours ($25,655) of attorney fees for time spent reviewing "discovery," including but ***not limited*** to reviewing video evidence. See line items 1-12 and 14 of Palmer Dec., Exhibit I. Regardless of any spoliation occurring, counsel would have had to review all discovery and videos to prepare this case for trial and to become familiar with the facts. These tasks are not caused by a failure to preserve video footage. Counsel's time entries for reviewing discovery are improperly vague. Id. They do not specify whether the discovery being reviewed was the discovery received from NaphCare or from Kitsap County. Id. Fees for these tasks should not be awarded.

**2. Review and Response to ER 408 Communications**

Plaintiffs seek attorney fees for time spent on emails unrelated to spoliation. Plaintiffs claim 7 hours of attorney time incurred on April 12, 2022, for "emails with client and OC" and for "review and analyze video and discovery responses." See line items 3 of Palmer Dec., Exhibit I (already included in subsection 1 above). On this day, Kitsap County sent Plaintiffs an ER 408 email communication regarding settlement. This email did not discuss spoliation. Id. at ¶11 (Exhibit G). Plaintiffs' counsel's block billing of 7 hours ($3,850) includes an unknown amount of time for reviewing and discussing ER 408 communications.  See line item 3 of Palmer Dec., Exhibit I.

**3. Preparation of Summary Judgment Pleadings**

Plaintiffs seek attorney fees for preparing summary judgment pleadings. On April 15, 2022, counsel block-billed 4 hours ($2,200) for "review and analyze video and discovery responses" and

KITSAP COUNTY'S MOTION FOR RECONSIDERATION
(3:21−cv−05800−DGE) – Page 4

**CHAD M. ENRIGHT**
Kitsap County Prosecuting Attorney
614 Division Street, MS-35A
Port Orchard, WA 98366-4676
(360) 337-4992   Fax (360) 337-7083
www.kitsapgov.com/pros

"facts re: SJ." Similarly on April 18, 2022, counsel block-billed 6.2 ($3,410) hours for "review and analyze video and discovery responses" and "facts re: SJ."  On April 20, 2022, counsel billed 6.1 ($3,355) hours for "review and analyze video and discovery responses," and "facts re: SJ." Again, on April 21, counsel billed another 6.9 hours ($3,795) for "review and analyze video and discovery responses" and "facts re: SJ." See line items 5-8 of Palmer Dec., Exhibit I (already included in subsection 1 above). Counsel's time entries do not clarify whether this time was incurred with regard to Plaintiffs' summary judgment motion against NaphCare or Kitsap County. These time entries not only reflect time spent on unrelated matters but may also reflect attorney time spent pursuing claims against a different defendant entirely.

### 4. 30(b)(6) Deposition

Plaintiffs seek attorney fees for conducting a 30(b)(6) deposition of Kitsap County. Plaintiffs' Notice of Rule 30(b)(6) Deposition of Kitsap County listed 14 separate topics of inquiry for the deposition, with multiple subparts. Palmer Dec., ¶15. Only 2 of the 14 topics were related to video preservation. Id. Lt. Hall was identified as the county witness for these topics (video preservation). Id. Counsel deposed Lt. Hall from approximately 9:00a.m. through 11:30a.m. (2.5 hours) on November 9, 2022. Id. There is a billing entry for timekeeper "RD" that reflects this portion of the 30(b)(6) deposition. See line item 13 of Palmer Dec., Exhibit I. Immediately following, Plaintiffs' counsel (timekeeper "RS") deposed Chief Sapp from approximately 11:46a.m. through 3:00p.m. (3.25 hours) regarding 30(b)(6) topics unrelated to video preservation. Id. Counsel billed 4 hours ($1,400) for "30(b)(6) deposition" for this task. See line item 14 of Palmer Dec., Exhibit I (already included in subsection 1 above). This time entry is not related to the Court's finding of spoliation or any alleged spoliation.

KITSAP COUNTY'S MOTION FOR RECONSIDERATION
(3:21−cv−05800−DGE) – Page 5

**CHAD M. ENRIGHT**
Kitsap County Prosecuting Attorney
614 Division Street, MS-35A
Port Orchard, WA 98366-4676
(360) 337-4992   Fax (360) 337-7083
www.kitsapgov.com/pros

**5. Communication and Discovery with NaphCare**

Plaintiffs seek fees for tasks related solely to discovery issues involving NaphCare. On April 20, 2022, counsel billed 6.1 ($3,355) hours for multiple tasks including "draft second discovery requests to NaphCare." See line item 7 of Palmer Dec., Exhibit I (already included in subsection 1 above). On April 21, 2022, counsel billed 6.9 hours ($3,795) for numerous tasks including "emails re: second discovery requests to NaphCare." See line item 8 of Palmer Dec., Exhibit I (already included in subsection 1 above). These tasks do not appear to have any connection to any alleged spoliation. On September 16, 2022, counsel billed 0.2 hours ($70) for reviewing and responding to correspondence regarding discovery. See line item 11 of Palmer Dec., Exhibit I (already included in subsection 1 above). This entry appears to relate to a letter NaphCare sent to Plaintiffs' counsel on this same day. Palmer Dec, ¶12, Exhibit H.

**6. Miscellaneous**

Plaintiffs seek attorney fees for other miscellaneous tasks that were not incurred as a result of spoliation. For example, Plaintiffs' counsel billed 0.2 hours ($110) for "emails with client and research re spoliation." See line item 1 of Palmer Dec., Exhibit I. This time entry is dated December 2, 2020, before Plaintiffs issued discovery requests in this case and before Kitsap County provided discovery responses. That Plaintiffs were researching spoliation at the outset of this case before discovery was conducted demonstrates this research was premature or Plaintiffs knew from the beginning what video footage was missing (contradicting claims they spent a significant amount of time and effort to identify the missing footage after discovery was provided).

Plaintiffs also seek to recover attorney fees for clerical work. While Plaintiffs motion indicates that their paralegal billed only 1.5 hours of time on this case, Plaintiffs provides no information regarding the "litigation associate" time billed on the case. On November 17, 2022, a

KITSAP COUNTY'S MOTION FOR RECONSIDERATION
(3:21−cv−05800−DGE) – Page 6

**CHAD M. ENRIGHT**
Kitsap County Prosecuting Attorney
614 Division Street, MS-35A
Port Orchard, WA 98366-4676
(360) 337-4992   Fax (360) 337-7083
www.kitsapgov.com/pros

litigation assistant billed 1 hour ($50) for "organized exhibits and drafted declaration." Line item 19 to Palmer Dec., Exhibit I. Organizing exhibits is purely clerical work. On December 8, 2022, a litigation assistant billed 4 hours ($400) for "organized, slipsheeted and redacted exhibits." Line item 31 to Palmer Dec., Exhibit I. Again, organizing and slipsheeting exhibits is purely clerical work. These administrative tasks (which are *not* included in subsection 1 above) total $450.

C.    **Plaintiffs Seek Excessive Fees**

Plaintiffs seek 54.7 hours of attorney time solely for preparing their motion for spoliation. This time is related solely to Plaintiffs' initial 12-page motion and does not include time spent reviewing Kitsap County's response briefing or preparing a reply or supplemental brief. This time also includes an entry that incorrectly claims 7.9 hours of work when only 3.0 hours of work is related to the spoliation motion (requiring a $2,695 reduction for this reason alone). See line item 32 of Palmer Dec., Exhibit I. This time is excessive given counsel is an experienced partner in his firm, counsel charges an hourly rate of $550 an hour, counsel's primary area of practice is civil rights litigation, counsel's practice focuses on wrongful death cases at both the local and national level, and counsel has attained some of the largest awards in the State of Washington. Dkt. 204, ¶2; Dkt. 204-3. In contrast, Kitsap County's counsel spent 28.2 hours preparing a 19-page response brief including a motion to file an overlength brief. Id. at ¶13. The Court should decline to award Plaintiff counsel's excessive time spent on the brief, including line items 22-30 ($18,095).

Plaintiffs additionally seek 26.1 hours for preparing a reply brief, 12.2 hours for supplemental briefing, and 4.3 hours for merely reviewing the court's order granting default judgment. The Court should decline to award excessive time spent on these tasks, including line items 34-36 ($5,445), line items 38-42 ($3,550) and line items 43-45 ($1,600) (including .5 hours ($50) a paralegal billed for discussing the court's spoliation order with the "team." See line item

KITSAP COUNTY'S MOTION FOR RECONSIDERATION
(3:21−cv−05800−DGE) – Page 7

**CHAD M. ENRIGHT**
Kitsap County Prosecuting Attorney
614 Division Street, MS-35A
Port Orchard, WA 98366-4676
(360) 337-4992   Fax (360) 337-7083
www.kitsapgov.com/pros

45 of Palmer Dec., Exhibit I.).

### III.  AUTHORITY

#### A.  Statement of Law

In calculating awards for attorney fees, district courts use "the 'lodestar' method. *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 978 (9th Cir. 2008). This method involves multiplying the number of hours a party reasonably expended by a reasonable hourly rate. *Id.* In considering requests for attorney fees, district courts "should exclude any hours 'that are excessive, redundant, or otherwise unnecessary.'" *McCown v. City of Fontana*, 565 F.3d 1097, 1102 (9th Cir. 2009) (quoting *Hensley v. Eckerhart,* 461 U.S. 424, 434 (1983)).

For purposes of this motion alone, Kitsap County does not dispute the reasonableness of counsel's hourly rates.[2] However, the number of attorney hours Plaintiffs' claim in their motion is unreasonably excessive and includes time spent on tasks not necessitated by spoliation.

#### B.  The Court Should Decline to Award Fees That Are Unrelated to Spoliation

The Court should decline to award attorney fees for time spent on tasks not the result of spoliation and for vague, block-billed time entries for unrelated tasks. District courts may reduce an award where documentation provided by the fee applicant is inadequate. *Skyline Advanced Tech. Servs. v. Shafer*, 18CV06641CRBRMI, 2020 WL 7025081, at *2 (N.D. Cal. Nov. 30, 2020) (quoting *Hensley*, 461 U.S. at 43). Entries are inadequate when the reviewing court cannot discern how the time spent is "attributable to the matter at hand." *Id.* (internal citation omitted). Billing records are "unacceptably vague when they characterize the claimed work – such as labeling a time entry as a 'conference,' or 'review' – without venturing to describe the subject of the

---

[2] Kitsap County reserved the right to challenge the claimed hourly rates in subsequent proceedings related to this lawsuit, including any post-verdict attorney fees.

KITSAP COUNTY'S MOTION FOR RECONSIDERATION
(3:21−cv−05800−DGE) – Page 8

**CHAD M. ENRIGHT**
Kitsap County Prosecuting Attorney
614 Division Street, MS-35A
Port Orchard, WA 98366-4676
(360) 337-4992   Fax (360) 337-7083
www.kitsapgov.com/pros

conference, or the nature of the review." *Id.* (internal citations omitted). A party fails to carry its burden of documenting the hours expended when that party engages in block billing which includes clearly unrelated tasks. *Brandt v. Columbia Credit Servs., Inc.*, C17-703RSM, 2018 WL 4963109, at *1 (W.D. Wash. Oct. 15, 2018); *Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 948 (9th Cir. 2007)

In this case, Plaintiffs request an award of fees for 43.5 hours ($25,655) spent on unrelated tasks not necessitated by spoliation. These tasks are identified as line items 1 through 12 and 14 on the Table of Billing Entries.³ Declaration of Christine M. Palmer, Exhibit A. These billing entries are objectionable for several reasons. First, they reflect time spent reviewing discovery and videos, which would have been required regardless of any spoliation by the County. In addition, a number of these entries constitute block-billing that clearly include unrelated tasks (such as ER 408 communications, preparing discovery requests to NaphCare, and preparing a summary judgment motion). They also include time spent on the 30(b)(6) deposition wholly unrelated to obtaining video preservation testimony. The Court should decline to award attorney fees for these billing entries and should reduce the award by $25,655 accordingly.

C.   **The Court Should Decline to Award Fees for Administrative Tasks**

The Court should decline to award fees for administrative tasks. Purely administrative or clerical tasks are not recoverable as attorney fees. *RLI Ins. Co. v. Polished 3 LLC*, 2:21-CV-691-BJR, 2022 WL 1450015, at *2 (W.D. Wash. May 9, 2022) (time spent downloading pleadings, and transmitting documents is disallowed as clerical work); *Helman v. Aetna Life Ins. Co.*, 217CV00975RGKAGR, 2018 WL 6118515, at *3 (C.D. Cal. May 21, 2018) ("reviewing a cover sheet or faxing a brief to the Court are administrative tasks that should be excluded from Plaintiff's

---

³ Kitsap County does not contest time entry 13 which appears to involve taking the testimony of Lt Hall.

KITSAP COUNTY'S MOTION FOR RECONSIDERATION
(3:21−cv−05800−DGE) – Page 9

**CHAD M. ENRIGHT**
Kitsap County Prosecuting Attorney
614 Division Street, MS-35A
Port Orchard, WA 98366-4676
(360) 337-4992   Fax (360) 337-7083
www.kitsapgov.com/pros

fee award."); *Condon v. Condon*, CV 07-4985-JFW (SSX), 2008 WL 11338132, at *5 (C.D. Cal. June 27, 2008) (electronic filing, cancelling the videographer, preparing service packages, and forwarding courtesy copies are unrecoverable ministerial work). Here, Plaintiffs seek to recover 5.0 hours ($450) for administrative tasks. The Court should reduce the attorney fees accordingly.

**D.  The Court Should Decline to Award Fees for Excessive Hours Spent on Tasks**

The Court should decline to award Plaintiffs' attorney fees for excessive time spent on tasks, including excessive time spent on briefing. In calculating a fee applicant's reasonable number of attorney hours, district courts should consider whether "the time could reasonably have been billed to a private client." *Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008). The Court must not award costs beyond what "would normally be charged to a fee-paying client." *Trustees of the Const. Indus. & Laborers Health & Welfare Tr. v. Redland Ins. Co.*, 460 F.3d 1253, 1257 (9th Cir. 2006). District courts have discretion to exclude excessive time spent on briefing. *Taylor v. PNC Bank, Nat'l Ass'n*, C19-1142-JCC, 2020 WL 6076485, at *2 (W.D. Wash. Oct. 15, 2020) ("As to the time spent responding to Defendant's motion to dismiss, the Court agrees that, given the nature of Plaintiffs' briefing, 20.6 hours was excessive. The Court will exclude 10.3 hours […].").

District courts in the Ninth Circuit have specifically held that spoliation motions are relatively simple and straightforward and do not present issues of particular legal or factual complexity. See *Skyline Advanced Tech.*, at *4 (N.D. Cal. Nov. 30, 2020) (holding that spoliation motion was a simple and straightforward matter where "Skyline's motion simply sought relief from this court for Ms. Shafer's destruction of evidence […]."); *Mfg. Automation & Software Sys., Inc. v. Hughes*, CV 16-8962 CAS (KSX), 2018 WL 5914235, at *6 (C.D. Cal. Sept. 18, 2018) (spoliation matter did not involve factual or legal complexity). In the case of *Skyline*, the Court

KITSAP COUNTY'S MOTION FOR RECONSIDERATION
(3:21−cv−05800−DGE) – Page 10

**CHAD M. ENRIGHT**
Kitsap County Prosecuting Attorney
614 Division Street, MS-35A
Port Orchard, WA 98366-4676
(360) 337-4992   Fax (360) 337-7083
www.kitsapgov.com/pros

determined a "reasonable expenditure of time" for the spoliation motion, *including* reply brief and oral argument, would not exceed 40 hours of attorney time. *Skyline* at *4.

In this case, Plaintiffs seek to recover more than 54.7 hours of attorney time spent solely on preparing their initial 12-page motion for spoliation sanctions. This time could not have reasonably been billed to a private client. In addition, this time is significantly disproportionate to the 28.2 hours Kitsap County's counsel spent on its 19-page response brief. On top of that, Plaintiffs also seek to recover 26.1 hours for preparing a reply brief, 12.2 hours for supplemental briefing, and 4.3 hours merely for reviewing the court's order granting default judgment. This is excessive, given Plaintiffs counsel's role as partner and his level of experience, particularly considering his practice is focused on civil rights litigation and he charges $550 an hour for his time.

The Court should reduce the attorney fees as follows: reduce fees spent on initial motion by $18,095; reduce fees spent on reply brief by $5,445 (line items 34-36 of Palmer Dec., Exhibit I), reduce fees spent on supplemental briefing by $3,550 (line items 38-42 of Palmer Dec., Exhibit I) and disallow Plaintiffs' request for $1,600 in time spent reviewing the Court's order granting spoliation sanctions (line item 43-45 of Palmer Dec., Exhibit I).

E.     **Summary of Reductions**

Plaintiffs request $76,250 in attorney fees. This amount should be reduced as follows:

- Reduction of $25,655 for time spent vaguely reviewing discovery, reviewing videos, preparing summary judgment motions, and other non-related tasks.

- Reduction of $450 for clerical and administrative tasks.

- Reduction of $18,095 for excessive time spent on initial motion briefing, including incorrect billing entry (litem 32).

KITSAP COUNTY'S MOTION FOR RECONSIDERATION
(3:21−cv−05800−DGE) – Page 11

**CHAD M. ENRIGHT**
Kitsap County Prosecuting Attorney
614 Division Street, MS-35A
Port Orchard, WA 98366-4676
(360) 337-4992   Fax (360) 337-7083
www.kitsapgov.com/pros

- Reduction of $5,445 for excessive time spent on reply brief.

- Reduction of $3,550 for excessive time spent on supplemental briefing.

- Reduction of $1,600 for reviewing the Court's order.

The above reductions add up to $54,795 and would reduce the attorney fee award to $21,455.

### IV.   CONCLUSION

The Court should stay a ruling on Plaintiffs' request for attorney fees until the Court rules on Kitsap County's motion for reconsideration and/or motion to certify for interlocutory appeal. If the Court deems it appropriate to calculate Plaintiffs' attorney fees, the Court should reduce the fees by $54,795 and enter an award of no more than $21,455 in attorney fees and $505.25 in costs which reflects the reasonable fees and costs related to the Court's finding of spoliation.

I certify that this memorandum contains 3,355 words, in compliance with the Local Civil Rules.

Respectfully submitted this 15th day of June, 2023.

CHAD M. ENRIGHT
Kitsap County Prosecuting Attorney

*/s/ Christine M. Palmer*
IONE S. GEORGE, WSBA No. 18236
CHRISTINE M. PALMER, WSBA No. 42560
KATHERINE A. CUMMINGS, WSBA No. 51646
Attorneys for Kitsap County

KITSAP COUNTY'S MOTION FOR RECONSIDERATION
(3:21−cv−05800−DGE) – Page 12

**CHAD M. ENRIGHT**
Kitsap County Prosecuting Attorney
614 Division Street, MS-35A
Port Orchard, WA 98366-4676
(360) 337-4992   Fax (360) 337-7083
www.kitsapgov.com/pros

CERTIFICATE OF SERVICE

I certify that on June 20, 2023, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send a filing notification of such the following:

| | |
|---|---|
| Gabriel S. Galanda | David A. Perez |
| Ryan D. Dreveskracht | Elvira Castillo |
| Corinne Sebren | Juliana L. Bennington |
| Galanda Broadman, PLLC | Perkins Coie (SEA) |
| P.O. Box 15146 | 1201 3rd Ave, Ste 4900 |
| Seattle, WA  98115 | Seattle, WA 98101-3099 |
| | |
| R. Omar Riojas | Stephanie Olson |
| Goldfarb & Huck Roth, Riojas, PLLC | Perkins Coie (ID) |
| 925 Fourth Avenue, Ste 3950 | 1111 W Jefferson Street, Ste 500 |
| Seattle, WA 98104 | Boise, ID 83702 |

SIGNED in Port Orchard, Washington this 20th day of June, 2023.

*Batrice Fredsti*
Batrice Fredsti, Paralegal
Kitsap County Prosecutor's Office
614 Division Street, MS-35A
Port Orchard WA  98366
Phone: 360-337-7032

KITSAP COUNTY'S MOTION FOR RECONSIDERATION
(3:21−cv−05800−DGE) – Page 13

**CHAD M. ENRIGHT**
Kitsap County Prosecuting Attorney
614 Division Street, MS-35A
Port Orchard, WA 98366-4676
(360) 337-4992   Fax (360) 337-7083
www.kitsapgov.com/pros