THE HONORABLE JUDGE DAVID G. ESTUDILLO

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JOHN RAPP, in his Personal Capacity and as Personal Representative of the Estate of NICHOLAS WINTON RAPP, deceased; et al.,<br><br>Plaintiffs,<br><br>-vs-<br><br>NAPHCARE, INC., an Alabama Corporation, et al.,<br><br>Defendants. | NO.  3:21−cv−05800−DGE<br><br>DECLARATION OF CHRISTINE M. PALMER<br><br>NOTE ON MOTION CALENDAR: June 23, 2023 |

I, Christine Palmer, declare under penalty of perjury under the laws of the State of Washington and the laws of the United States that the following is true and correct:

1.      I am over the age of 18 and competent to testify to the matters set forth herein of which I have personal knowledge.

2.      Plaintiffs served their initial discovery requests on the County in January 2022. Kitsap County thereafter filed a 12(b)(6) motion to dismiss all of Plaintiffs' claims against the County defendants (this motion was ultimately granted by the Court, resulting in dismissal of all claims against all Kitsap County defendants with leave for Plaintiffs to file an amended complaint).

DECLARATION OF CHRISTINE M. PALMER
(3:21−cv−05800−DGE) – Page 1

**CHAD M. ENRIGHT**
Kitsap County Prosecuting Attorney
614 Division Street, MS-35A
Port Orchard, WA 98366-4676
(360) 337-4992   Fax (360) 337-7083
www.kitsapgov.com/pros

On February 14, 2022, Kitsap County and Plaintiffs met and conferred regarding the status of the outstanding discovery requests. Kitsap County and the Plaintiffs met and conferred again on March 18, 2022. In accordance with the parties' discussion, Kitsap County identified a number of written discovery requests for which it would be willing to provide responses while the dispositive motion was pending. Kitsap County agreed to provide limited discovery even though it took the position that the Court had no jurisdiction over the parties because Plaintiffs failed to state a claim (a position which was ultimately correct given the Courts initial dismissal order). On or about April 1, 2022, Kitsap County produced its first initial discovery responses. With these responses, Kitsap County produced all jail video surveillance regarding Mr. Rapp's incarceration that had been preserved by the County.

3.      Plaintiffs' Request for Production No. 1 was extremely broad in scope and requested the production of "all documents and materials that mention, reference, or relate to Nicholas Rapp, including jail records, medical records, any kind of form or report, photos, texts, e-mails, social media messages, diaries, notes, memos, or any other printed or electronically stored information." This request was inclusive of jail records, but not limited to jail records. On its face, this request demanded the production of any document "related" to Nicholas Rapp in any way. Kitsap County, as a municipal subdivision of the state, could potentially have numerous categories of records that might mention an individual by name. These records could include permit records, property tax records, assessor records, police records, criminal files, court records, traffic infractions, or any publicly recorded document.  Kitsap County objected to the breadth of Plaintiffs' request rather than make assumptions regarding its scope. Despite its objection, Kitsap County produced all of Nicholas Rapp's known jail records and every video file preserved in accordance with Plaintiffs' preservation letter. Plaintiffs never requested a discovery conference

DECLARATION OF CHRISTINE M. PALMER
(3:21−cv−05800−DGE) – Page 2

CHAD M. ENRIGHT
Kitsap County Prosecuting Attorney
614 Division Street, MS-35A
Port Orchard, WA 98366-4676
(360) 337-4992   Fax (360) 337-7083
www.kitsapgov.com/pros

to discuss the County's objections or to the scope of this request. Plaintiffs never clarified the scope of their request.

4.     I have been the lead counsel on this case since the lawsuit was filed. During the time the County responded to Plaintiffs' discovery requests, I was engaged in an ongoing review of the case materials and the case files, including the preserved video footage. I had not been employed by the County during the time Plaintiffs sent their preservation letter in January 2020. When the lawsuit was initiated and when our office received Plaintiffs' discovery requests, I endeavored to review the case files to become familiar with the same. By April 2022, I had not yet had an opportunity to review, in full depth, all 28+ hours (67 files) of the preserved video. I was not aware there was a potential gap in footage from inside Mr. Rapp's unit for January 1, 2020. Despite this, our office produced all known video footage that had been preserved by the County and that was in the County's possession, including footage of hallways and numerous locations in the jail that did not appear to show anything particularly relevant (what Plaintiffs appear to call "non-descript"). We produced every preserved video file and withheld none. Our office responded in accordance with our knowledge of the preserved videos at the time.

5.     On August 9, 2022, Plaintiffs' counsel sent an email communication indicating that our office provided a video file that begins at midnight. Plaintiffs' counsel asked us to provide footage from the same camera from the previous afternoon, evening, or night. The next day, I responded and informed counsel that we provided all the videos that the jail saved. I stated that we did not have any other videos but that I would double check. Enclosed as **Exhibit A** is a true and correct copy of email correspondence between counsel between August 9 and 10, 2022.

6.     On August 15, 2022, I emailed Plaintiffs' counsel and stated that we had provided several other video files from the camera in question and identified the same by listing their file

DECLARATION OF CHRISTINE M. PALMER
(3:21−cv−05800−DGE) – Page 3

**CHAD M. ENRIGHT**
Kitsap County Prosecuting Attorney
614 Division Street, MS-35A
Port Orchard, WA 98366-4676
(360) 337-4992   Fax (360) 337-7083
www.kitsapgov.com/pros

names. Counsel responded that same day and clarified that he was looking for footage from 1:00p.m. to midnight. Counsel also stated, "I take it from your answer below that you do not have this video, and have not provided it to us, please correct me if I am wrong." The next day, August 16, 2022, I responded and confirmed "We do not have a video that meets that description. We have provided all the videos in our possession." Counsel responded with "Okay. Thank you for the clarification." Enclosed as **Exhibit B** is a true and correct copy of email correspondence between counsel between August 15 and 16, 2022.

7.      On November 10, 2022, at some time during or following the 30(b)(6) deposition of the County, counsel for Plaintiffs raised a concern that they were missing additional video surveillance from 11:33am trough 1:00pm on January 1, 2020. Later in the day, I reviewed my files and identified the videos from this time period. I confirmed these files had already been produced in discovery but I sent them to Plaintiffs' counsel again. I wanted to eliminate any future question regarding whether we had provided all the video files. Accordingly, several minutes later, I sent a follow up email stating, "I want to make sure your office has all the video files that we have." I provided a screen shot of my own computer identifying all the video files in our possession. I indicated the specific folder containing the video files from 11:33am through 12:59p.m. Enclosed as **Exhibit C** is a true and correct copy of correspondence with Plaintiffs' counsel.

8.      That same evening, I sent another email confirming the range of video footage provided to Plaintiffs and forwarding prior correspondence with Plaintiffs' counsel confirming that Plaintiffs had already been provided video footage up until 1:00pm on January 1, 2020. Enclosed as **Exhibit D** is a true and correct copy of correspondence with Plaintiffs' counsel. I asked Plaintiffs' counsel to let me know if they believeved there were any other videos they were

DECLARATION OF CHRISTINE M. PALMER
(3:21–cv–05800–DGE) – Page 4

**CHAD M. ENRIGHT**
Kitsap County Prosecuting Attorney
614 Division Street, MS-35A
Port Orchard, WA 98366-4676
(360) 337-4992   Fax (360) 337-7083
www.kitsapgov.com/pros

missing.

9.      Counsel responded by indicating they found the files already in their possession. Counsel stated, "Sorry for the fire drill." Enclosed as **Exhibit E** is a true and correct copy of correspondence from Plaintiffs' counsel.

10.      On September 23, 2022, Plaintiffs requested to meet and confer regarding Kitsap County's responses to Interrogatory No. 14, Interrogatory No. 17, and Request for Production 18. Enclosed as **Exhibit F** is a true and correct copy of email correspondence from Plaintiffs requesting to meet and confer regarding discovery issues. Plaintiffs did not request to meet and confer regarding Request for Production No. 1, Kitsap County's objections to the same, or any topic relating to the video files that had been produced. The County, therefore, believed it met its discovery obligations and that Plaintiffs were satisfied with the responses provided.

11.      Enclosed as **Exhibit G** is a true and correct copy of redacted email correspondence with Plaintiffs' counsel regarding ER 408 discussions. I've reviewed my email archives and this was the only email I was able to locate that was exchanged with Plaintiffs counsel on April 12, 2022.

12.      Enclosed as **Exhibit H** is a true and correct copy of September 16, 2022, email correspondence from NaphCare to Plaintiffs. Attached to this email was a letter requesting that Plaintiffs provide supplemental discovery responses. I've reviewed my email archives and I was not able to locate any email communication between my office and Plaintiffs counsel dated September 16, 2022.

13.      I was tasked with preparing Kitsap County's response to Plaintiffs' motion for sanctions. I spent 28.2 hours preparing the County's 19-page response brief. This time included meetings and calls with clients and preparing a motion requesting to file an overlength response

**CHAD M. ENRIGHT**
Kitsap County Prosecuting Attorney
614 Division Street, MS-35A
Port Orchard, WA 98366-4676
(360) 337-4992   Fax (360) 337-7083
www.kitsapgov.com/pros

brief.

14.     I have reviewed the billing entries submitted by Plaintiffs and have summarized their contents in a table enclosed as **Exhibit I**. Each entry is given an item number for ease of reference. The far-right column identifies Kitsap County's objections, if any, to each billing entry.

15.     Plaintiffs conducted a 30(b)(6) deposition of the County during discovery. Plaintiffs' Notice of Rule 30(b)(6) Deposition of Kitsap County listed 14 separate topics of inquiry for the deposition, with multiple subparts. Only 2 of the 14 topics were related to video preservation. Lt. Hall was identified as the county witness for these topics (video preservation). Counsel deposed Lt. Hall from approximately 9:00a.m. through 11:30a.m. (2.5 hours) on November 9, 2022. Immediately following, Plaintiffs' counsel deposed Chief Sapp from approximately 11:46a.m. through 3:00p.m. (3.25 hours) regarding 30(b)(6) topics unrelated to video preservation.

Signed this 20th day of June, 2023 in Port Orchard, Washington.

*/S/ Christine M. Palmer*
CHRISTINE M. PALMER

DECLARATION OF CHRISTINE M. PALMER
(3:21−cv−05800−DGE) – Page 6

**CHAD M. ENRIGHT**
Kitsap County Prosecuting Attorney
614 Division Street, MS-35A
Port Orchard, WA 98366-4676
(360) 337-4992   Fax (360) 337-7083
www.kitsapgov.com/pros

1

CERTIFICATE OF SERVICE

2

3
I certify that on June 20, 2023, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send a filing notification of such the following:

4

5

6

7
Gabriel S. Galanda
Ryan D. Dreveskracht
Corinne Sebren
Galanda Broadman, PLLC
P.O. Box 15146
Seattle, WA  98115

David A. Perez
Elvira Castillo
Juliana L. Bennington
Perkins Coie (SEA)
1201 3rd Ave, Ste 4900
Seattle, WA 98101-3099

8

9

10
R. Omar Riojas
Goldfarb & Huck Roth, Riojas, PLLC
925 Fourth Avenue, Ste 3950
Seattle, WA 98104

Stephanie Olson
Perkins Coie (ID)
1111 W Jefferson Street, Ste 500
Boise, ID 83702

11

12
SIGNED in Port Orchard, Washington this 20th day of June, 2023.

13

14
Batrice Fredsti, Paralegal

15
Kitsap County Prosecutor's Office
614 Division Street, MS-35A

16
Port Orchard WA  98366
Phone: 360-337-7032

17

18

19

20

21

22

23

24

25

26

27

28

DECLARATION OF CHRISTINE M. PALMER
(3:21−cv−05800−DGE) – Page 7

**CHAD M. ENRIGHT**
Kitsap County Prosecuting Attorney
614 Division Street, MS-35A
Port Orchard, WA 98366-4676
(360) 337-4992   Fax (360) 337-7083
www.kitsapgov.com/pros

**Exhibit A**

**Christine Palmer**

| | |
|---|---|
| **From:** | Christine M. Palmer |
| **Sent:** | Wednesday, August 10, 2022 7:38 AM |
| **To:** | Ryan Dreveskracht |
| **Cc:** | Corinne Sebren; Butler, Shawn Q.; Ione S. George; gabe@galandabroadman.com; Corey, David J.; Allen, Alexis K.; Hsieh, Daniel J.; Rachael Shulman; alice@galandabroadman.com; Mark, Jenna R.; Hoover, Christopher D.; Ana Maria Garnier; Emmerson Donnell; Eastley, Susan; Batrice Fredsti |
| **Subject:** | Re: Rapp v. Naphcare |

Thank you Ryan.

Regarding videos, we have provided all videos that the jail saved. We don't have any other videos, but I'll double check just to be sure.

Christy

**From:** Ryan Dreveskracht <ryan@galandabroadman.com>
**Sent:** Tuesday, August 9, 2022 4:44 PM
**To:** Christine M. Palmer <cmpalmer@kitsap.gov>
**Cc:** Corinne Sebren <corinne@galandabroadman.com>; Butler, Shawn Q. <sbutler@helsell.com>; Ione S. George <IGeorge@kitsap.gov>; gabe@galandabroadman.com <gabe@galandabroadman.com>; Corey, David J. <dcorey@helsell.com>; Allen, Alexis K. <aallen@helsell.com>; Hsieh, Daniel J. <dhsieh@helsell.com>; Rachael Shulman <rachael@galandabroadman.com>; alice@galandabroadman.com <Alice@galandabroadman.com>; Mark, Jenna R. <jmark@helsell.com>; Hoover, Christopher D. <choover@helsell.com>; Ana Maria Garnier <anamaria@galandabroadman.com>; Emmerson Donnell <emmerson@galandabroadman.com>; Eastley, Susan <seastley@helsell.com>; Batrice Fredsti <bfredsti@kitsap.gov>
**Subject:** Re: Rapp v. Naphcare

[**CAUTION:** This message originated outside of the Kitsap County mail system. **DO NOT CLICK on links** or **open attachments** unless you were expecting this email. If the email looks suspicious, contact the Helpdesk immediately at 360-337-5555, or email at Helpdesk@kitsap.gov]

Hi Christine,

This is from Megan:

On another note, I have a similar follow up question. You have provided us with a video file 1 - 2020-01-02 00-00-00-527 thatbegins at midnight. But we have not received the same camera's recordings from the previous afternoon, evening, or night. Or at least I can't find it in the materials provided. Can you please identify or provide this video?

Thanks,

On Tue, Aug 9, 2022 at 3:33 PM Christine M. Palmer <cmpalmer@kitsap.gov> wrote:

Hello Ryan,

In the medical records ████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████████████████
█████████████████████████████████████

Thank you,

Christy

--
**Ryan D. Dreveskracht**
Attorney at Law
Galanda Broadman, PLLC
8606 35th Avenue NE, Ste. L1
P.O. Box 15146
Seattle, WA 98115
m: 206.909.3842
f: 206.299.7690
ryan@galandabroadman.com
www.galandabroadman.com

*Admitted to practice law in Washington.* This e-mail, and any attachments thereto, is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If the recipient of this e-mail is not a current client, receipt of this e-mail does not create an attorney-client relationship. If you are not the intended recipient of this e-mail, you are hereby notified that any dissemination, distribution or copying of this e-mail, and any attachments thereto, is strictly prohibited (Electronic Communications Privacy Act, 18 U.S.C. §§ 2510-2521). If you have received this e-mail in error, please immediately notify this firm at (206.557.7509) or the writer and permanently delete the original and any copy of any e-mail and any printout thereof.

**Exhibit B**

**Christine Palmer**

| | |
|---|---|
| **From:** | Ryan Dreveskracht <ryan@galandabroadman.com> |
| **Sent:** | Tuesday, August 16, 2022 4:41 PM |
| **To:** | Christine M. Palmer |
| **Cc:** | Corinne Sebren; Butler, Shawn Q.; Ione S. George; gabe@galandabroadman.com; Corey, David J.; Allen, Alexis K.; Hsieh, Daniel J.; Rachael Shulman; alice@galandabroadman.com; Mark, Jenna R.; Hoover, Christopher D.; Ana Maria Garnier; Emmerson Donnell; Eastley, Susan; Batrice Fredsti |
| **Subject:** | Re: Rapp v. Naphcare |

[**CAUTION:** This message originated outside of the Kitsap County mail system. **DO NOT CLICK on links** or **open attachments** unless you were expecting this email. If the email looks suspicious, contact the Helpdesk immediately at 360-337-5555, or email at Helpdesk@kitsap.gov]

Okay.  Thank you for the clarification.

On Tue, Aug 16, 2022 at 4:37 PM Christine M. Palmer <cmpalmer@kitsap.gov> wrote:

We do not have a video that meets that description. We have provided all the videos in our possession. I am confirming with our client to confirm that they do not have additional video files from midnight to 1:00 p.m. on January 1, 2020

Christy

**From:** Ryan Dreveskracht <ryan@galandabroadman.com>
**Sent:** Monday, August 15, 2022 9:41 PM
**To:** Christine M. Palmer <cmpalmer@kitsap.gov>
**Cc:** Corinne Sebren <corinne@galandabroadman.com>; Butler, Shawn Q. <sbutler@helsell.com>; Ione S. George <IGeorge@kitsap.gov>; gabe@galandabroadman.com; Corey, David J. <dcorey@helsell.com>; Allen, Alexis K. <aallen@helsell.com>; Hsieh, Daniel J. <dhsieh@helsell.com>; Rachael Shulman <rachael@galandabroadman.com>; alice@galandabroadman.com; Mark, Jenna R. <jmark@helsell.com>; Hoover, Christopher D. <choover@helsell.com>; Ana Maria Garnier <anamaria@galandabroadman.com>; Emmerson Donnell <emmerson@galandabroadman.com>; Eastley, Susan <seastley@helsell.com>; Batrice Fredsti <bfredsti@kitsap.gov>
**Subject:** Re: Rapp v. Naphcare

[**CAUTION:** This message originated outside of the Kitsap County mail system. **DO NOT CLICK on links** or **open attachments** unless you were expecting this email. If the email looks suspicious, contact the Helpdesk immediately at 360-337-5555, or email at Helpdesk@kitsap.gov]

Hi Christy,

Correct, and I believe all of those are from roughly midnight to roughly 1:00 p.m. on January 1, 2020.

What is missing, as I indicated below, is 1:00 p.m. to midnight.  While I take it from your answer below that you do not have this video, and have not provided it to us, please correct me if I'm wrong.


Thank you,


On Mon, Aug 15, 2022 at 5:31 PM Christine M. Palmer <cmpalmer@kitsap.gov> wrote:

Hello Ryan,


I checked the files we gathered and sent to your office in response to RFP No. 1 and we provided several video files from that same camera.


The files that I most easily identify have the following file names:


1-2020-01-01 11-33-00-539

1-2020-01-01 09-30-00-195

1-2020-01-01 08-57-00-334

1-2020-01-01 00-40-00-458


Christy


**From:** Ryan Dreveskracht <ryan@galandabroadman.com>
**Sent:** Tuesday, August 9, 2022 4:45 PM
**To:** Christine M. Palmer <cmpalmer@kitsap.gov>
**Cc:** Corinne Sebren <corinne@galandabroadman.com>; Butler, Shawn Q. <sbutler@helsell.com>; Ione S. George <IGeorge@kitsap.gov>; gabe@galandabroadman.com; Corey, David J. <dcorey@helsell.com>; Allen, Alexis K. <aallen@helsell.com>; Hsieh, Daniel J. <dhsieh@helsell.com>; Rachael Shulman <rachael@galandabroadman.com>; alice@galandabroadman.com; Mark, Jenna R. <jmark@helsell.com>; Hoover, Christopher D. <choover@helsell.com>; Ana Maria Garnier <anamaria@galandabroadman.com>; Emmerson Donnell <emmerson@galandabroadman.com>; Eastley, Susan <seastley@helsell.com>; Batrice Fredsti <bfredsti@kitsap.gov>
**Subject:** Re: Rapp v. Naphcare

2

[**CAUTION:** This message originated outside of the Kitsap County mail system. **DO NOT CLICK on links** or **open attachments** unless you were expecting this email. If the email looks suspicious, contact the Helpdesk immediately at 360-337-5555, or email at Helpdesk@kitsap.gov]

Hi Christine,

This is from Megan:

On another note, I have a similar follow up question. You have provided us with a video file 1 - 2020-01-02 00-00-00-527 thatbegins at midnight.  But we have not received the same camera's recordings from the previous afternoon, evening, or night.  Or at least I can't find it in the materials provided.  Can you please identify or provide this video?

Thanks,

On Tue, Aug 9, 2022 at 3:33 PM Christine M. Palmer <cmpalmer@kitsap.gov> wrote:

Hello Ryan,

In the medical records

Thank you,

Christy

**Exhibit C**

**Christine Palmer**

| | |
|---|---|
| **From:** | Christine M. Palmer |
| **Sent:** | Thursday, November 10, 2022 5:39 PM |
| **To:** | ryan@galandabroadman.com; corinne@galandabroadman.com; anamaria@galandabroadman.com; alice@galandabroadman.com; rachael@galandabroadman.com; emmerson@galandabroadman.com |
| **Cc:** | Ione S. George; Katherine A Cummings; Batrice Fredsti |
| **Subject:** | RE: Rapp v NaphCare - surveillance footage |

Sorry for all the emails!

The email that I sent at the bottom of this chain that contains the video files as an attachment was rejected by your servers as spam. However as discussed in my last email sent just to you and Corinne, your firm does have video footage from 11:33am – 12:59:59pm. I will try to have my paralegal send them to you again on Monday through a download link (we are off tomorrow for Veterans Day).

Christy

**From:** Christine M. Palmer
**Sent:** Thursday, November 10, 2022 5:30 PM
**To:** Allen, Alexis K. <aallen@helsell.com>; ryan@galandabroadman.com; corinne@galandabroadman.com; anamaria@galandabroadman.com; alice@galandabroadman.com; rachael@galandabroadman.com; emmerson@galandabroadman.com; Ione S. George <IGeorge@kitsap.gov>; Katherine A Cummings <KACummings@kitsap.gov>; Batrice Fredsti <bfredsti@kitsap.gov>
**Cc:** Corey, David J. <dcorey@helsell.com>; Butler, Shawn Q. <sbutler@helsell.com>; Mark, Jenna R. <jmark@helsell.com>; Driscoll, Hannah E. <hdriscoll@helsell.com>; Eastley, Susan <seastley@helsell.com>
**Subject:** RE: Rapp v NaphCare - surveillance footage

Ryan,

I want to make sure your office has all the video files that we have. Our office provided video surveillance in response to RFP 1 as well as in response to RFPs 5 and 6. The videos provided in response to RFP 1 are more complete. Hopefully, your office has all video responsive to RFP 1.

Below is a screenshot of all the folders that contain the video files produced in response to RFP 1. Let me know if you think there are any other folders that your office may not have. The highlighted folder is the folder that contains the two video files from 1/1/2020 11:33am through 12:59:59, which I just sent over.

| | | |
|---|---|---|
| already viewed | 3/29/2022 2:15 PM | File folder |
| Export_2020-02-03_101116 | 3/29/2022 2:15 PM | File folder |
| Export_2020-02-03_102222 | 3/29/2022 2:15 PM | File folder |
| Export_2020-02-03_103212 | 3/29/2022 2:15 PM | File folder |
| Export_2020-02-03_110919 | 3/29/2022 2:15 PM | File folder |
| Export_2020-02-03_112023 | 3/29/2022 2:15 PM | File folder |
| Export_2020-02-03_120057 | 3/29/2022 2:15 PM | File folder |
| Export_2020-02-03_121115 | 3/29/2022 2:15 PM | File folder |
| Export_2020-02-03_122117 | 3/29/2022 2:15 PM | File folder |
| Export_2020-02-03_125448 | 3/29/2022 2:15 PM | File folder |
| Export_2020-02-04_130047 | 3/29/2022 2:15 PM | File folder |
| Export_2020-02-03_120057 | 2/3/2020 12:05 PM | Windows Media Audio/... |
| Export_2020-02-03_121115 | 2/3/2020 12:19 PM | Windows Media Audio/... |
| Export_2020-02-03_122117 | 2/3/2020 12:27 PM | Windows Media Audio/... |
| Export_2020-02-03_125448 | 2/3/2020 1:47 PM | Windows Media Audio/... |
| Export_2020-02-04_130047 | 2/4/2020 1:13 PM | Windows Media Audio/... |

Christy

**From:** Christine M. Palmer
**Sent:** Thursday, November 10, 2022 5:15 PM
**To:** 'Allen, Alexis K.' <aallen@helsell.com>; ryan@galandabroadman.com; corinne@galandabroadman.com; anamaria@galandabroadman.com; alice@galandabroadman.com; rachael@galandabroadman.com; emmerson@galandabroadman.com; Ione S. George <IGeorge@kitsap.gov>; Katherine A Cummings <KACummings@kitsap.gov>; Batrice Fredsti <bfredsti@kitsap.gov>
**Cc:** Corey, David J. <dcorey@helsell.com>; Butler, Shawn Q. <sbutler@helsell.com>; Mark, Jenna R. <jmark@helsell.com>; Driscoll, Hannah E. <hdriscoll@helsell.com>; Eastley, Susan <seastley@helsell.com>
**Subject:** Rapp v NaphCare - surveillance footage

Hello All,

Enclosed is Jan 1, 2020 surveillance footage from 11:33am through 12:59:59. Our records show that these were sent with the other videos as part of our discovery download link. Not sure what happened but we are happy to provide them again.

Christy

**Exhibit D**

**Christine Palmer**

| | |
|---|---|
| **From:** | Christine M. Palmer |
| **Sent:** | Thursday, November 10, 2022 5:34 PM |
| **To:** | ryan@galandabroadman.com; Corinne Sebren |
| **Cc:** | Batrice Fredsti |
| **Subject:** | FW: Rapp v. Naphcare |

I am now being paranoid about whether we provided all the videos. In the email exchange with you below, it appears your office did receive and have footage up until 1pm on January 1, 2020 - including the videos I just provided to you tonight.

Let me know ASAP if you believe there are any other videos you are missing.

Thanks.

Christy

**From:** Ryan Dreveskracht <ryan@galandabroadman.com>
**Sent:** Monday, August 15, 2022 9:41 PM
**To:** Christine M. Palmer <cmpalmer@kitsap.gov>
**Cc:** Corinne Sebren <corinne@galandabroadman.com>; Butler, Shawn Q. <sbutler@helsell.com>; Ione S. George <IGeorge@kitsap.gov>; gabe@galandabroadman.com; Corey, David J. <dcorey@helsell.com>; Allen, Alexis K. <aallen@helsell.com>; Hsieh, Daniel J. <dhsieh@helsell.com>; Rachael Shulman <rachael@galandabroadman.com>; alice@galandabroadman.com; Mark, Jenna R. <jmark@helsell.com>; Hoover, Christopher D. <choover@helsell.com>; Ana Maria Garnier <anamaria@galandabroadman.com>; Emmerson Donnell <emmerson@galandabroadman.com>; Eastley, Susan <seastley@helsell.com>; Batrice Fredsti <bfredsti@kitsap.gov>
**Subject:** Re: Rapp v. Naphcare

[**CAUTION:** This message originated outside of the Kitsap County mail system. **DO NOT CLICK on links** or **open attachments** unless you were expecting this email. If the email looks suspicious, contact the Helpdesk immediately at 360-337-5555, or email at Helpdesk@kitsap.gov]

Hi Christy,

Correct, and I believe all of those are from roughly midnight to roughly 1:00 p.m. on January 1, 2020.

What is missing, as I indicated below, is 1:00 p.m. to midnight. While I take it from your answer below that you do not have this video, and have not provided it to us, please correct me if I'm wrong.

Thank you,

On Mon, Aug 15, 2022 at 5:31 PM Christine M. Palmer <cmpalmer@kitsap.gov> wrote:

Hello Ryan,

1

I checked the files we gathered and sent to your office in response to RFP No. 1 and we provided several video files from that same camera.

The files that I most easily identify have the following file names:

1-2020-01-01 11-33-00-539

1-2020-01-01 09-30-00-195

1-2020-01-01 08-57-00-334

1-2020-01-01 00-40-00-458

Christy

**From:** Ryan Dreveskracht <ryan@galandabroadman.com>
**Sent:** Tuesday, August 9, 2022 4:45 PM
**To:** Christine M. Palmer <cmpalmer@kitsap.gov>
**Cc:** Corinne Sebren <corinne@galandabroadman.com>; Butler, Shawn Q. <sbutler@helsell.com>; Ione S. George <IGeorge@kitsap.gov>; gabe@galandabroadman.com; Corey, David J. <dcorey@helsell.com>; Allen, Alexis K. <aallen@helsell.com>; Hsieh, Daniel J. <dhsieh@helsell.com>; Rachael Shulman <rachael@galandabroadman.com>; alice@galandabroadman.com; Mark, Jenna R. <jmark@helsell.com>; Hoover, Christopher D. <choover@helsell.com>; Ana Maria Garnier <anamaria@galandabroadman.com>; Emmerson Donnell <emmerson@galandabroadman.com>; Eastley, Susan <seastley@helsell.com>; Batrice Fredsti <bfredsti@kitsap.gov>
**Subject:** Re: Rapp v. Naphcare

[**CAUTION:** This message originated outside of the Kitsap County mail system. **DO NOT CLICK on links** or **open attachments** unless you were expecting this email. If the email looks suspicious, contact the Helpdesk immediately at 360-337-5555, or email at Helpdesk@kitsap.gov]

Hi Christine,

This is from Megan:

**Exhibit E**

**Christine Palmer**

---

| | |
|---|---|
| **From:** | Christine M. Palmer |
| **Sent:** | Thursday, November 10, 2022 5:44 PM |
| **To:** | Ryan Dreveskracht |
| **Cc:** | corinne@galandabroadman.com; anamaria@galandabroadman.com; alice@galandabroadman.com; rachael@galandabroadman.com; emmerson@galandabroadman.com; Ione S. George; Katherine A Cummings; Batrice Fredsti |
| **Subject:** | RE: Rapp v NaphCare - surveillance footage |

Great- thanks for the quick response.

**From:** Ryan Dreveskracht <ryan@galandabroadman.com>
**Sent:** Thursday, November 10, 2022 5:42 PM
**To:** Christine M. Palmer <cmpalmer@kitsap.gov>
**Cc:** corinne@galandabroadman.com; anamaria@galandabroadman.com; alice@galandabroadman.com; rachael@galandabroadman.com; emmerson@galandabroadman.com; Ione S. George <IGeorge@kitsap.gov>; Katherine A Cummings <KACummings@kitsap.gov>; Batrice Fredsti <bfredsti@kitsap.gov>
**Subject:** Re: Rapp v NaphCare - surveillance footage

[**CAUTION:** This message originated outside of the Kitsap County mail system. **DO NOT CLICK on links** or **open attachments** unless you were expecting this email. If the email looks suspicious, contact the Helpdesk immediately at 360-337-5555, or email at Helpdesk@kitsap.gov]

No need.  Your previous email pointed me in the right direction.  We have it.

Sorry for the fire drill.  Have a nice (long) weekend.

On Thu, Nov 10, 2022 at 5:38 PM Christine M. Palmer <cmpalmer@kitsap.gov> wrote:

Sorry for all the emails!

The email that I sent at the bottom of this chain that contains the video files as an attachment was rejected by your servers as spam. However as discussed in my last email sent just to you and Corinne, your firm does have video footage from 11:33am – 12:59:59pm. I will try to have my paralegal send them to you again on Monday through a download link (we are off tomorrow for Veterans Day).

Christy

**From:** Christine M. Palmer
**Sent:** Thursday, November 10, 2022 5:30 PM

1

**Exhibit F**

| From: | Ryan Dreveskracht |
|---|---|
| To: | Christine M. Palmer |
| Cc: | Ana Maria Garnier; Eastley, Susan; Corinne Sebren; Rachael Shulman; Batrice Fredsti; Ione S. George; Allen, Alexis K.; Corey, David J.; Hoover, Christopher D.; Mark, Jenna R.; Butler, Shawn Q.; Emmerson Donnel; Katherine A Cummings |
| Subject: | Re: Rapp v NaphCare - Objections to 30(b)(6) notice to County |
| Date: | Friday, September 23, 2022 11:52:05 AM |

[**CAUTION:** This message originated outside of the Kitsap County mail system. **DO NOT CLICK on links** or **open attachments** unless you were expecting this email. If the email looks suspicious, contact the Helpdesk immediately at 360-337-5555, or email at Helpdesk@kitsap.gov]

Hi Christy,

Looking forward to our conversation.   We would also like to address some supplemental discovery that we're owed:

**Interrogatory No. 14:** In light of concerns voiced in your May 17 letter, on May 22 we limited the request to "Kitsap County custom, practice, policy, or procedure governing the supervision and care of Nicholas Rapp during his Subject Confinement in the Kitsap County." This simply requires the County to identify any known policy violations applicable to Mr. Rapp's care and custody.  We are entitled to this information.  If the County is going to argue at trial that no policy violations occurred, we need to know that. If the County is going to admit that some policy violations occurred, we need to know that too.  This inquiry is highly relevant to Plaintiffs' *Monell* claim.  *See, e.g., LaLonde v. Cnty. of Riverside*, 204 F.3d 947, 961 (9th Cir. 2000).

**Interrogatory No. 17:** The County supplemented its Response on June 13.  The supplement identified 7 in-custody suicide deaths and 74 known suicide attempts but refused to provide documents that contain information regarding the facts and circumstances surrounding those suicides and suicide attempts.  First, the County cites a state privilege law that is clearly inapplicable.  *See Armstrong v. Cnty. of Kitsap*, No. 04-5461, 2005 WL 8173158, at *1 (W.D. Wash. Apr. 27, 2005) ("'State privilege doctrine, whether derived from statutes or court decisions, is not binding on federal courts in these kinds of cases.'") (quoting *Kelly v. City of San Jose*, 114 F.R.D. 653 (N.D. Cal. 1987)).  In addition the Court has entered a protective order.  Any concerns about confidentiality can easily be addressed by marking the responsive documents "confidential."   Second, the County submits that the information sought is not relevant.  In the County's Second Motion to Dismiss it asserts that Plaintiffs' pleading should be dismissed because it does not identify "prior instances of constitutional violations" that are "similar."  Dkt. # 64, at 17.  Yet, in response to Interrogatory 17, the County claims that information regarding previous suicides and suicide attempts is irrelevant.  To the contrary, this information is highly relevant.

**Request for Production No. 18.**  Plaintiffs specifically requested that any "purely personal information such as dates of birth, home addresses, social security numbers, and information that is purely related to non-bonus compensation and employment benefits" be excluded from a response.  In addition, Plaintiffs have agreed to a protective order that would keep this information confidential. Plaintiffs are not looking to "generally search" personnel files. The

records Plaintiffs seek are specific: "all training records, contracts, complaints, grievances, performance reviews, disciplinary records, records reflecting dates of hire and change in title or position, records reflecting policies, procedures and protocols, and records reflecting bonus compensation and correspondence or documentation relating thereto." Such information is relevant to Plaintiffs' *Monell* and failure to train claims. For the sake of compromise, however, Plaintiffs will limit their request to Defendant John Petersen's personnel file only.

Have a good weekend,

On Fri, Sep 23, 2022 at 9:23 AM Christine M. Palmer <cmpalmer@kitsap.gov> wrote:

Ryan,



**Exhibit G**

**From:** Ryan Dreveskracht
**To:** Christine M. Palmer
**Cc:** Wendy Foster; Batrice Fredsti; Ione S. George; Rachael Shulman
**Subject:** Re: Rapp v. Kitsap County -- Confidential ER 408 Communication
**Date:** Tuesday, April 12, 2022 10:03:30 AM
**Attachments:** image001.png

[**CAUTION:** This message originated outside of the Kitsap County mail system. **DO NOT CLICK on links** or **open attachments** unless you were expecting this email. If the email looks suspicious, contact the helpdesk immediately at 360-337-5555, or email at helpdesk@co.kitsap.wa.us]

Hi Christine,



**Exhibit H**

| From: | Hoover, Christopher D. |
|---|---|
| To: | ryan@galandabroadman.com; corinne@galandabroadman.com; anamaria@galandabroadman.com; alice@galandabroadman.com; rachael@galandabroadman.com; emmerson@galandabroadman.com; Ione S. George; Christine M. Palmer; Batrice Fredsti |
| Cc: | Corey, David J.; Butler, Shawn Q.; Mark, Jenna R.; Allen, Alexis K.; Eastley, Susan; Hoover, Christopher D. |
| Subject: | Rapp v NaphCare Inc. |
| Date: | Friday, September 16, 2022 2:02:50 PM |
| Attachments: | 22-09-19 Mark Ltr to Dreveskracht.pdf |

[**CAUTION:** This message originated outside of the Kitsap County mail system. **DO NOT CLICK on links** or **open attachments** unless you were expecting this email. If the email looks suspicious, contact the Helpdesk immediately at 360-337-5555, or email at Helpdesk@kitsap.gov]

Good afternoon,

Please see the attached letter from Ms. Mark.

Sincerely,

Chris Hoover | Helsell Fetterman LLP
Legal Assistant to Sarah Elerson, Jenna Mark, Rabia Ahmad, and Phil Chu
direct | 206.689.2103
fax | 206.340.0902
choover@helsell.com

**Exhibit I**

## Summary of Billing Entries for Claimed Attorney Fees

| Item | Date | Keeper | Hrs | Amount | Description | OBJECTION |
|---|---|---|---|---|---|---|
| 1. | 12/2/20 | RD | .2 | 110 | Emails with client and research re spoliation | Premature/Not Caused by Spoliation |
| 2. | 4/11/22 | RD | 1.5 | 825 | Review and analyze video of incident; emails to clients re: the same | Unrelated/Not Caused by Spoliation/Block Billing |
| 3. | 4/12/22 | RD | 7 | 3,850 | Emails with clients and OC; review and analyze video and discovery responses | Unrelated/Not Caused by Spoliation/Block Billing |
| 4. | 4/14/22 | RD | 6.8 | 3,740 | Review and analyze video and discovery responses | Unrelated/Not Caused by Spoliation/Block Billing |
| 5. | 4/15/22 | RD | 4 | 2,200 | Review and analyze video and discovery responses; facts re: SJ | Unrelated/Not Caused by Spoliation/Block Billing |
| 6. | 4/18/22 | RD | 6.2 | 3,410 | Review and analyze video and discovery responses; facts re: SJ | Unrelated/Not Caused by Spoliation/Block Billing |
| 7. | 4/20/22 | RD | 6.1 | 3,355 | Review and analyze video and discovery responses; facts re: SJ; draft second discovery requests to NaphCare | Unrelated/Not Caused by Spoliation/Block Billing |
| 8. | 4/21/22 | RD | 6.9 | 3,795 | Review and analyze video and discovery responses; facts re: SJ; emails re: second discovery requests to NaphCare | Unrelated/Not Caused by Spoliation/Block Billing |
| 9. | 9/14/22 | RD | 5 | 2,750 | Research re: deleted video, dep prep and discovery prep re: the same; draft 30(b)(6) notice | Unrelated/Not Caused by Spoliation/Block Billing |
| 10. | 9/15/22 | CS | .4 | 140 | Review and revise Draft NOD for 30(b)(6) | Unrelated/Not Caused by Spoliation/Block Billing |
| 11. | 9/16/22 | CS | .2 | 70 | Review and respond to correspondence from OC re: discovery | Unrelated/Not Caused by Spoliation/Block Billing |
| 12. | 11/9/22 | ?? | .2 | 10 | Shared exhibits with reporter and OC | Unrelated/Not Caused by Spoliation/Block Billing/Administrative |

| 13. | 11/9/22 | RD | 5.4 | 2,970 | Conduct video deletion dep, research and draft motion for spoliation sanctions | |
|-----|---------|-----|-----|-------|-------------------------------|---------------------------------|
| 14. | 11/9/22 | RS | 4 | 1,400 | 30b6 deposition | Unrelated/Not Caused by Spoliation/Block Billing |
| 15. | 11/10/22 | RD | 4.2 | 2,310 | Research and draft motion for spoliation sanctions | |
| 16. | 11/11/22 | RD | 1.2 | 660 | Research and draft motion for spoliation sanctions | |
| 17. | 11/16/22 | RD | 2.0 | 1,100 | Research and draft motion for sanctions | |
| 18. | 11/16/22 | RD | 6.0 | 3,300 | Research and draft motion for spoliation sanctions | |
| 19. | 11/17/22 | ?? | 1 | 50 | Organized exhibits and drafted declaration | Administrative |
| 20. | 11/17/22 | RD | 6 | 3,300 | Research and draft motion for sanctions | |
| 21. | 11/18/22 | RD | 6 | 3,300 | Research and draft motion for sanctions | |
| 22. | 11/21/22 | RD | 6.0 | 3,300 | Research and draft motion for sanctions | Excessive |
| 23. | 11/22/22 | RD | 5.9 | 3,245 | Research and draft motion for sanctions | Excessive |
| 24. | 11/22/22 | RS | 1.2 | 420 | Correspondence with RD re: motion for spoliation sanctions | Excessive |
| 25. | 11/23/22 | RD | 3.2 | 1,760 | Research and draft motion for sanctions | Excessive |
| 26. | 11/24/22 | RD | 1.1 | 605 | Research and draft motion for sanctions | Excessive |
| 27. | 12/1/22 | RD | 1.3 | 715 | Research, draft, and finalize sanctions motion | Excessive |
| 28. | 12/5/22 | RD | 6.3 or 2.0 | 3,465 | Research, draft, and finalize sanctions motion | Excessive/Time entry unclear – 6.3 or 2.0? |
| 29. | 12/6/22 | RD | 2.1 | 1,155 | Research, draft, and finalize sanctions motion | Excessive |
| 30. | 12/7/22 | RD | 2.1 | 735 | Review and revise motion for sanctions | Excessive |

| | | | | | for spoliation of evidence | |
|---|---|---|---|---|---|---|
| 31. | 12/8/22 | ?? | 4 | 400 | Organized, slipsheeted and redacted exhibits | Administrative |
| 32. | 12/19/22 | RD | 7.9 or 3.0? | 4,345 | Research and draft reply re: motion for terminating sanctions | Time entry incorrect – only allow 3.0 hours ($1,650) |
| 33. | 12/20/22 | RD | 9.2 | 5,060 | Research and draft reply re: motion for terminating sanctions | |
| 34. | 12/21/22 | RD | 1.5 | 825 | Research and draft reply re: motion for terminating sanctions | Excessive |
| 35. | 12/22/22 | RD | 5.9 | 3,245 | Research and draft reply re: motion for terminating sanctions | Excessive |
| 36. | 12/23/22 | RD | 2.5 | 1,375 | Research and draft reply re: motion for terminating sanctions | Excessive |
| 37. | 4/18/23 | RD | 4.4 | 2,420 | Research and draft ordered jury instructions | |
| 38. | 4/18/23 | CS | 1.9 | 665 | Review and analyze minute order re: request for supplemental briefing on sanctions motion and confer with GB and team re: same; meet and confer with GB team re: praecipe for declaration document | Excessive/Duplicative work |
| 39. | 4/19/23 | RD | 3.1 | 1,705 | Research and draft ordered jury instruction | Excessive |
| 40. | 4/19/23 | RD | .6 | 210 | Review and revise draft response re: order requesting supplemental briefing on motion for sanctions | Excessive |
| 41. | 4/20/23 | RD | 1.2 | 420 | Review and finalize draft response re: order requesting supplemental briefing | Excessive |

|  |  |  |  |  | on motion for sanctions; review and analyze NC notice of intent to comment on proposed adverse jury instructions and confer with GB team re same |  |
|---|---|---|---|---|---|---|
| 42. | 4/24/23 | RD | 1 | 550 | Review and analyze county proposed instruction; research, draft, and finalize proposed instruction | Excessive |
| 43. | 5/31/23 | RD | 1.1 | 605 | Review and analyze order on spoliation sanctions; call with client re order on spoliation sanctions; conference with colleagues re: the same, review and analyze docket re: status conference and pending motions that may be moot. |  |
| 44. | 5/31/23 | CS | 2.5 Or 2.7? | 945 | Review and analyze Order on Motion for Sanctions and confer with GB team re: same | Excessive/Unnecessary/Time entry unclear – 2.5 hours or 2.7 hours? |
| 45. | 5/31/23 | ?? | .5 | 50 | Discuss incoming order regarding spoliation sanctions against KC with team | Excessive/Unnecessary |