UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JOHN RAPP, et al., <br><br> Plaintiffs, <br> v. <br><br> NAPHCARE INC, et al., <br><br> Defendants. | CASE NO. 3:21-cv-05800-DGE <br><br> ORDER ON PLAINTIFFS' MOTION FOR ATTORNEY FEES (DKT. NO. 203) |

### I   INTRODUCTION

This matter comes before the Court on Plaintiffs' Motion for Attorney Fees. (Dkt. No. 203.) Having considered Plaintiffs' motion, the exhibits and declarations attached thereto, and the remainder of the record, the Court GRANTS in part Plaintiffs' motion and awards attorney fees in the amount of $39,835.

## II   BACKGROUND

On May 31, 2023, the Court granted Plaintiffs' motion for sanctions pursuant to Federal Rule of Civil Procedure 37(e), finding default judgment warranted against Defendant Kitsap County ("the County") for spoliation of video evidence, and awarding Plaintiffs attorney fees and costs incurred as a direct result of the County's spoliation. (Dkt. No. 198 at 1, 15.) The County moved for reconsideration of the Court's order. (Dkt. No. 207.) On July 19, 2023, the Court granted the County's motion in part, modifying its sanction by imposing a permissive adverse inference against the County in lieu of entering default judgment. (Dkt. No. 236 at 11.) The Court did not modify its award of attorney fees and costs to Plaintiffs. (*Id*.) The Court now considers Plaintiffs' Motion for Attorney Fees. (Dkt. No. 203.)

## III   LEGAL STANDARD

In analyzing the propriety of attorney fees to be awarded to a party, district courts in the Ninth Circuit undertake a two-step "lodestar" analysis. *Welch v. Metropolitan Life Ins.*, 480 F.3d 942, 945 (9th Cir. 2007); *McCown v. City of Fontana*, 565 F.3d 1097, 1102 (9th Cir. 2009).

First, courts "establish[] a lodestar by multiplying the number of hours reasonably expended . . . by a reasonable hourly rate." *Welch*, 480 F.3d at 945. "The party seeking fees bears the burden of documenting the hours expended . . . and must submit evidence supporting those hours and the rates claimed." *Id.* at 945–46. In turn, "[t]he party opposing the fee application has a burden of rebuttal that requires submission of evidence . . . challenging the accuracy and reasonableness of the hours charged or the facts asserted by the prevailing party." *Gates v. Rowland*, 39 F.3d 1439, 1449 (9th Cir. 1994).

The district court may exclude from the lodestar "any hours that are 'excessive, redundant, or otherwise unnecessary.'" *Welch*, 480 F.3d at 946 (internal citation omitted). Such

1  hours may be excluded either by "conduct[ing] an hour-by-hour analysis of the fee request," or
2  making "percentage cuts" to the "number of hours claimed." *Gonzalez v. City of Maywood*, 729
3  F.3d 1196, 1203 (9th Cir. 2013) (internal quotations and citations omitted). Percentage cuts are
4  appropriate when a district court is "faced with a massive fee application," and must be
5  supported by a "'concise but clear' explanation" of the district court's reasoning. *Gates v.*
6  *Deukmejian*, 987 F.2d 1392, 1399–1400 (9th Cir. 1992).
7        Second, and only "in rare and exceptional cases, the district court may adjust the lodestar
8  upward or downward using a multiplier based on facts not subsumed in the initial lodestar
9  calculation." *Welch*, 480 F.3d at 946.

10                      **IV**        **DISCUSSION**

11  **A.**     **Reasonableness of Plaintiffs' Counsel's Rates**
12        The Court begins its analysis by assessing the reasonableness of the hourly rates claimed
13  by Plaintiffs' counsel—*i.e.*, $550 for partners and $350 for associates. (Dkt. No. 203 at 5.) "In
14  determining a reasonable hourly rate, the district court should be guided by the rate prevailing in
15  the community for similar work performed by attorneys of comparable skill, experience, and
16  reputation." *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210–11 (9th Cir. 1986).
17        Kitsap County's response "does not dispute the reasonableness of [Plaintiffs'] counsel's
18  hourly rates." (Dkt. No. 213 at 8.) The Court agrees with both parties that the rates are
19  reasonable. *See Thomas v. Cannon*, 2018 WL 1517661, at *1–2 (W.D. Wash. March 28, 2018)
20  (hourly rates of $600 for partner and $275 for an associate in civil rights case were reasonable);
21  *Ostling v. City of Bainbridge Island*, 2012 WL 4846252, at *2 (W.D. Wash. Oct. 11, 2012)
22  (hourly rates of $550 for a partner and $350 for an associate in civil rights case were reasonable).
23
24

ORDER ON PLAINTIFFS' MOTION FOR ATTORNEY FEES (DKT. NO. 203) - 3

**B.     Reasonableness of Hours Expended**

While Kitsap County does not dispute the reasonableness of counsel's rates, it does challenge the reasonableness of the hours expended. (Dkt. No. 213 at 8–11.)

    1.     <u>Hours Block-Billed or Not Caused by Spoliation</u>

Kitsap County first asserts that Plaintiffs improperly seek fees for time entries that are block-billed and/or include tasks unrelated to the issue of spoliation. (Dkt. No. 213 at 8–9.) Specifically, the County takes issue with line items[1] 2–10 and 14.[2] (*Id.*; Dkt. No. 214 at 31–32.)

As explained in detail below, the Court largely agrees with the County, finding that Plaintiffs are not entitled to fees for any work reflected in line items 2–8 and 10, as these line items represent tasks not undertaken as a direct result of the County's spoliation of evidence. (*See* Dkt. No. 198 at 15 (awarding fees to Plaintiffs that were "incurred directly as a result of Kitsap County's spoliation of evidence.")) The Court does, however, find that Plaintiffs are entitled to some fees for work reflected in line items 9 and 14.

        *a.*     *Line Items 2–8 and 10*

---

[1] The billing entries submitted by Plaintiffs span more than 100 pages; a substantial majority of these pages contain only redacted billing entries irrelevant to the motion. (Dkt. No. 204-2 at 7–144.) For ease of reference, the Court relies largely upon the County's summary table of Plaintiffs' billing entries, and identifies the entries by the "line item" numbers the County assigns in that table. (Dkt. No. 214 at 6, 31.) Plaintiffs' reply does not dispute the accuracy of the County's summary table and agrees to refer to billing entries according to their line item. (Dkt. No. 218 at 3 n.2.) However, the Court's own review finds that the County neglected to include certain billing entries in its table, and at times characterized the timekeeper or time description incorrectly (*see, e.g.*, three entries at Dkt. No. 204-2 at 125, which do not appear in the County's table at Dkt. No. 214 at 34). Where relevant, the Court addresses any such inaccuracies in this Order and ultimately relies on Plaintiffs' billing records in its calculations.

[2] Kitsap County also challenges on this basis line items 1, 11, and 12. (Dkt. No. 213 at 9.) However, Plaintiffs concede in their reply that line items 1 and 11 do not represent time incurred due to spoliation, and therefore agree to exclude these items from their request for fees. (Dkt. No. 218 at 5.) The Court addresses line item 12 later in this Order.

The majority of the entries in line items 2–8 and 10 record time spent on "review and analy[sis of] video and discovery responses." (Dkt. No. 214 at 31.) As an initial matter, such "generic and repetitive task descriptions" concerning video and discovery analysis "make it difficult for the Court to identify the particular nature of the work performed." *Laub v. Horbaczewski*, 2020 WL 10817257, at *8 (C.D. Cal. Nov. 23, 2020). And even assuming these entries solely involved review of video produced by the County, Plaintiffs' counsel would have needed to engage in this review in the normal course of discovery, regardless of spoliation. *See Scalia v. County of Kern*, 2023 WL 3124385, at *3 (E.D. Cal. April 27, 2023) (finding time entries "unnecessary" when "they list[ed] work [counsel] would have performed regardless of" spoliation). Accordingly, Plaintiffs have not met their burden of showing that time spent on review and analysis of discovery responses, including video produced by the County, directly resulted from the County's spoliation.

The remaining task descriptions in this set of entries also do not represent any time incurred due to the County's spoliation. Rather, these entries record time spent on "facts re: SJ motion," "emails with clients and OC," "discovery requests to NaphCare," and a 30(b)(6) notice of deposition.[3] (Dkt. No. 214 at 31.) The Court therefore does not award fees for these tasks and excludes line items 2–8 and 10 from the Court's "reasonable hours" calculation.

      b.    *Line Items 9 and 14*

The Court finds that line items 9 and 14 are at least partly related to the County's spoliation. Line item 9 reflects time for "Research re: deleted video, dep prep and discovery

---

[3] The Court acknowledges that the 30(b)(6) deposition notice did cover the topic of spoliation. (Dkt. No. 213 at 5.) However, the County asserts, and Plaintiffs do not dispute, that spoliation accounted for just two of the fourteen topics covered in the notice. (*Id.*) As Plaintiffs would have drafted the 30(b)(6) deposition notice regardless of spoliation, Plaintiffs are not entitled to these fees. *See Scalia*, 2023 WL 3124385, at *3.

prep re: the same; draft 30(b)(6) notice." (Dkt. No. 214 at 31.)  This entry, though block-billed, properly reflects the subject—*i.e.*, "deleted video"—of counsel's research, deposition preparation, and discovery preparation.  The Court may therefore conclude that these tasks directly resulted from the County's spoliation of video evidence, and counsel may be credited for this time.

That said, line item 9 also records time spent drafting a 30(b)(6) notice of deposition.  It is not apparent that this work directly resulted from the County's spoliation, particularly given that the deposition notice involved fourteen topics, only two of which concerned spoliation.  Accordingly, the Court exercises its discretion to reduce the hours recorded in this block-billed entry.  *See Welch*, 480 F.3d at 948 (9th Cir. 2007) (explaining that the district court has "authority to reduce hours that are billed in block format").  Here, the Court finds appropriate a 20% reduction of the five hours recorded in line item 9.  *See id.*; *Antoninetti v. Chipotle Mexican Grill, Inc.*, 2012 WL 2923310, at *3 (S.D. Cal. July 17, 2012) (reducing "the number of block-billed hours by 20%"); *Thomas*, 2018 WL 1517661, at *3 (same).

Line item 14 reflects four hours of associate time for "30b6 deposition." (Dkt. No. 214 at 32.)  The County argues that this entry improperly included time that Plaintiffs' counsel spent deposing the County on "topics unrelated to video preservation." (Dkt. No. 213 at 5.)  As the County explains, it designated two 30(b)(6) witnesses to cover different sets of topics in depositions on the same day: Lieutenant Hall addressed spoliation-related issues during a 2.5-hour deposition, and Chief Sapp addressed the remaining topics unrelated to spoliation during a 3.25-hour deposition. (*Id.*)  Because line item 14 claims 4 rather than 2.5 hours, the County asserts that this entry is not related to the 2.5-hour deposition on spoliation-related topics. (*Id.*)

Plaintiffs respond that line item 14 documents the attendance of an associate attorney "at the Rule 30(b)(6) deposition of Lieutenant Hall," and concedes that "[t]he County is correct that this deposition lasted only 2.5 hours," such that the time entry should only reflect those hours. (Dkt. No. 218 at 5.)  The Court accordingly finds that Plaintiffs are entitled to fees for 2.5 of the 4 hours claimed in line item 14.[4]

2.      Excessive Time

The Court next addresses the County's assertion that the hours expended by Plaintiffs' counsel on various tasks were excessive and therefore should not be factored into this Court's calculation of hours reasonably expended.

a.      *Opening Motion and Reply Brief*

Kitsap County first argues that the hours expended on Plaintiffs' motion for sanctions and reply brief are excessive due to the simplicity of the spoliation issues involved and the disproportionate time spent by Plaintiffs on their opening brief as compared to the time the County spent on its response.  (Dkt. No. 213 at 7, 10.)  Plaintiffs respond by urging that the Court defer to a winning lawyer's judgment as to hours required, and further maintain that "[t]he briefing, research, and complexity of the issues involved—both factually and legally—are accurately reflected in Plaintiffs' billing entries." (Dkt. No. 218 at 4.)

---

[4] The Court does not find unreasonable that Plaintiffs claim time for the attendance of both a partner and associate at Lieutenant Hall's deposition on spoliation issues.  (Dkt. No. 214 at 32.) While courts have found billing for two *partners* to attend a deposition to be unreasonably duplicative, the "situation in which an associate attorney accompanies a more experienced litigation partner to a deposition" is "typical," and could reasonably be billed to a private client. *See Genesis Merchant Partners, LP v. Nery USA, Inc.*, 2013 WL 12094825, at *5 (S.D. Cal. Dec. 6, 2013)

ORDER ON PLAINTIFFS' MOTION FOR ATTORNEY FEES (DKT. NO. 203) - 7

The Court finds that the 50.3 hours spent on Plaintiffs' opening motion, represented by line items 15–18 and 20–30, were excessive.[5]  The bulk of these entries describe counsel's work as "[r]esearch and draft motion for sanctions" or use some similar variation (Dkt. No. 214 at 32), such that it is difficult to discern whether the hours recorded were reasonably necessary to prepare Plaintiffs' motion.  *See Laub*, 2020 WL 10817257, at *8.  Moreover, motions for sanctions due to spoliation are not exceedingly complex.  *See id.* at *10.  It is therefore unlikely that these hours could have reasonably been billed to a private client.  *See Gonzalez v. City of Maywood*, 729 F.3d 1196, 1202 (9th Cir. 2013).

The Court also observes that Plaintiffs spent nearly twice the number of hours on their opening motion as compared to the number of hours expended by the County on its response, which was ultimately lengthier than Plaintiffs' motion. (Dkt. No. 213 at 7.)  The Ninth Circuit has instructed that the number of hours spent by an opposing party is a "good indicator of how much time is necessary."  *Democratic Party of Washington State v. Reed*, 388 F.3d 1281, 1287 (9th Cir. 2004).  However, any comparison between the parties as to the amount of time spent must factor into account "the possibility that the prevailing party's attorney . . . spent more time because [the attorney] did better work."  *Ferland v. Conrad Credit Corp.*, 244 F.3d 1145, 1151 (9th Cir. 2001).  To balance these competing considerations, the Court finds that a reasonable number of hours lies roughly in the middle of Plaintiffs' 50.3 hours and the County's 28.2.  The Court therefore declines to include in its lodestar calculation line items 16, 24, and 26–30, which

---

[5] The County calculates the time Plaintiffs' counsel spent on its opening motion as 54.7 hours rather than 50.3 hours calculated by the Court. (Dkt. No. 213 at 7.)  Most of the discrepancy between the County's calculation and the Court's appears to lie in the County including in 4.3 hours of time from line item 28 that Plaintiffs conceded should not be included in their request for fees. (Dkt. No. 218 at 3 n.3.)  Excluding this time from the County's calculation would bring the total time to 50.4 hours.  The reason for the remaining 0.1 discrepancy is unclear; the Court relies on its own calculation of 50.3 hours.

amount to 11 hours of attorney work on Plaintiffs' opening motion.  (Dkt. No. 214 at 32.)  Exclusion of these entries brings the total amount of hours expended on Plaintiffs' motion for sanctions to 39.3, which the Court finds reasonable.

    b.  Reply Brief

  Plaintiffs' counsel also recorded 22.1 hours[6] on Plaintiffs' roughly 8.5-page reply brief (Dkt. No. 116); these hours are reflected in line items 32 to 36 (Dkt. No. 214 at 33).  All entries simply state: "Research and draft reply re: motion for terminating sanctions." (Dkt. No. 214 at 33.)

  Upon review of Plaintiffs' reply, the Court is not persuaded that these hours were reasonably necessary.  Indeed, portions of Plaintiffs' reply were simply copied and pasted from Plaintiffs' opening motion (*e.g.*, Dkt. No. 116 at 1; Dkt. No. 91 at 7); the reply cited many of the facts that had appeared in Plaintiffs' opening motion (Dkt. No. 116 at 2–3); more than one page of text was dedicated to pointing out that the County's response lacked explanation and evidence (*id.* at 3–4); and argument on the impropriety of lesser sanctions relied substantially on the same caselaw and points made in Plaintiffs' opening motion (*id.* at 8 (discussing *Grube v. NaphCare*, 2022 WL 1464830 (E.D. Wash. May 9, 2022)).  While the Court does not question counsel's judgment in repeating certain arguments and facts from its opening motion and rehashing aspects of the County's response, it does find that these factors are relevant to the number of hours Plaintiffs reasonably expended in preparing their reply.  *See Bobrick Washroom Equip., Inc. v. American Specialties, Inc.*, 2013 WL 12129368, at *9 (C.D. Cal. Feb. 20, 2013).

---

[6] In light of a discrepancy between the Court's calculation and the County's (Dkt. No. 213 at 11), the Court uses its own calculations of hours expended on Plaintiffs' reply.  The Court notes that most of the discrepancy between the calculations stems from the County including hours that Plaintiffs confirmed should not be counted.  (Dkt. No. 218 at 3 n.3.)

The Court therefore declines to include in its calculation of hours reasonably expended line item 33, which accounts for 9.2 hours of time on Plaintiffs' reply brief. (Dkt. No. 214 at 33.) This brings the total number of hours reasonably expended on Plaintiffs' reply to 12.9 hours, represented by line items 32 and 34–36. (*Id.*)

        c.      *Supplemental Briefing*

The County also challenges as excessive the time Plaintiffs spent preparing a response to the Court's request for supplemental briefing, in which the Court asked that parties "propose potential adverse evidentiary jury instructions." (Dkt. No. 176 at 1.) These entries reflect time recorded in line items 37 through 42, amounting to 12.2 hours. (Dkt. No. 214 at 33–34.) The Court agrees that the hours are excessive, as Plaintiffs' response to the Court's supplemental briefing was roughly two pages of text, with one of those pages analyzing a case that Plaintiffs had already discussed in their motion for sanctions and reply. (Dkt. Nos. 91 at 11; 116 at 8; 182 at 2–3.) Accordingly, the Court excludes from its reasonable hours calculation line items 38 and 39, which together account for 5 hours, and finds that the remaining entries related to Plaintiffs' supplemental briefing—*i.e.*, line items 37 and 40–42—represent 7.2 hours reasonably expended on supplemental briefing.[7] (Dkt. No. 214 at 33–34.)

    3.      <u>Administrative Time</u>

Kitsap County challenges Plaintiffs' request for fees reflected in line items 12, 19, and 31, on the basis that the work involved was "[p]urely administrative or clerical." (Dkt. Nos. 213 at 9–10; 214 at 31–33.) Courts "may reduce attorney's fees 'for purely clerical tasks.'" *Seymour*

---

[7] The Court observes that the County failed to include three entries (Dkt. No. 204-2 at 125) in its summary of Plaintiffs' billing entries (Dkt. No. 214 at 33–34). These three entries involved additional work related to Plaintiffs' supplemental briefing. For the same reasons that warranted exclusion of line items 38 and 39, the Court finds that inclusion of these entries in its calculation of hours would be excessive.

ORDER ON PLAINTIFFS' MOTION FOR ATTORNEY FEES (DKT. NO. 203) - 10

*v. Commissioner of Social Security*, 2022 WL 1641450, at *2 (W.D. Wash. May 24, 2022) (internal citation omitted).  "Tasks considered clerical include, but are not limited to, filing motions with the court, filling out and printing documents, preparing affidavits and drafting certificates of service, organizing files, calendaring dates, rescheduling depositions, and sending documents." *McKenzie Flyfishers v. McIntosh*, 158 F. Supp. 3d 1085, 1096 (D. Ore. 2016) (internal quotation and citation omitted).

Despite Plaintiffs including hours incurred by litigation assistants in the billing records submitted to the Court (Dkt. No. 204-2 at 80, 83, 92), Plaintiffs represent that they are not asking for fees resulting from litigation assistant work (Dkt. Nos. 203 at 6–7; 218 at 4).  The Court therefore excludes line items 12, 19 and 31 from its calculation of hours.  (Dkt. No. 214 at 31–33.)

    4.  <u>Miscellaneous</u>

The remaining entries not already addressed in this order are line items 43–45 (Dkt. No. 214 at 34) and an entry in Plaintiffs' billing records dated January 6, 2023 (Dkt. No. 204-2 at 102) that the County failed to include in its summary of Plaintiffs' billing records.

The Court does not include in its calculation of hours reasonably expended Plaintiffs' time entry from January 6, 2023, which is described as associate time "[p]erform[ing] research and confer[ring] w/RS team re: motion for default."  (Dkt. No. 204-2 at 102.)  It is not clear how this work was reasonably incurred as a result of the County's spoliation, as the briefing on Plaintiffs' motion for spoliation sanctions was complete with the filing of Plaintiffs' reply two weeks earlier on December 23, 2022.  (Dkt. No. 116.)

Line items 43–45 involve 4.1 hours of partner, associate, and paralegal work discussing and analyzing the Court's order on Plaintiffs' motion for sanctions.  (Dkt. No. 214 at 34.)  The

Court finds line item 45 (representing paralegal work) unnecessarily duplicative, and credits only line item 43 and 44 which account for partner and associate time analyzing and conferring internally regarding the Court's order on spoliation.

C. **Lodestar Multiplier**

The parties have not argued, and the Court does not find, that this case presents rare and exceptional circumstances justifying the application of a downward or upward multiplier. *Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000) ("The lodestar amount is presumptively the reasonable fee amount, and thus a multiplier may be used to adjust the lodestar amount upward or downward only in rare and exceptional cases, supported by [] specific evidence on the record and detailed findings . . . that the lodestar amount is unreasonably low or unreasonably high") (internal citations and quotations omitted).

### V    CONCLUSION

As explained above, the Court finds reasonable the 68.1 hours of partner time and 6.8 hours of associate time represented by line items 9, 13–15, 17–18, 20–23, 25, 32, 34–37, and 40–44. The Court declines to include in its calculation Plaintiffs' remaining entries. Applying a reasonable hourly rate of $550 for partner time and $350 for associate time, the Court finds that Plaintiffs are entitled to $39,835 in attorney fees.

The Court therefore finds and ORDERS that Plaintiff's Motion for Attorney Fees is GRANTED in part. Defendant Kitsap County SHALL pay Plaintiffs $39,835 as an attorney fee award. Plaintiffs also request $505.25 in costs. (Dkt. Nos. 203 at 7; 204 at 3.) Under Local Civil Rule 54(d)(3), Plaintiffs' request for costs has been forwarded to the Clerk of Court for consideration. To the extent Plaintiffs' motion contains non-taxable costs not covered by the

Local Rule, Plaintiffs shall file a stand-alone motion for non-taxable costs for the Court's consideration.

Dated this 17th day of October 2023.

David G. Estudillo
United States District Judge