THE HONORABLE DAVID G. ESTUDILLO

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON AT TACOMA

| | |
|---|---|
| JOHN RAPP, in his Personal Capacity and as Personal Representative of the Estate of NICHOLAS WINTON RAPP, deceased; *et al.*<br><br>Plaintiffs,<br><br>v.<br><br>NAPHCARE, INC., an Alabama Corporation; *et al.*,<br><br>Defendants. | NO.  3:21-cv-05800-DGE<br><br>**STIPULATED ORDER APPROVING MINOR SETTLEMENT** |

THIS MATTER comes before the court for approval of a minor settlement for N.R.

The Court has reviewed the following documents:

1. Stipulated Order Approving Minor Settlement;

2. Stipulated Motion to Approve Settlement and Dismiss and [Proposed] Order;

3. Settlement Guardian ad Litem Report filed by the court-appointed Settlement Guardian ad Litem, John R. Wilson, dated November 5, 2025;

4. Files and records herein.

Having considered this information and being fully advised, the Court enters the following Order:

1. The settlement amount of $2,750,000.00 is approved.

STIPULATED ORDER APPROVING MINOR
SETTLEMENT
[NO. 3:21-cv-05800-DGE] - 1

2. The attorneys' fees to plaintiffs' counsel's firm, Galanda Broadman, PLLC, in the amount of $1,100,000.00 are approved.

3. The costs incurred by Galanda Broadman, PLLC, in the amount of $150,752.89 are approved.

4. Probate counsel Ross Gardner's remaining fees to conclude the probate of the estate in the amount of $5,000.00 are approved.

5. The costs of Settlement Guardian ad Litem and of Ross Gardner are estimated final amounts. Any residual costs for these individuals that may be incurred over and above the amounts delineated in paragraphs 4, 5, and 6 shall be covered by a $5,000.00 additional reserve set aside from the net settlement proceeds.

6. The Settlement Guardian ad Litem fee in the amount of $5,000.00 is approved. Defendants Kitsap County and NaphCare, Inc. shall pay $2,500 of the Settlement Guardian ad Litem fee. Plaintiffs will pay $2,500 of the Settlement Guardian ad Litem fee. Any additional amounts due will come out of the $5,000.00 reserve.

7. The allocation of net settlement proceeds as indicated below serves the best interests of the minor litigant and is approved:

☐ The minor, N.R., shall receive 66.66% of net settlement proceeds, and John and Judith Rapp shall each receive 16.67% of net settlement proceeds.

☒ The minor, N.R., shall receive 80% net settlement proceeds, and John and Judith Rapp shall each receive 10% of net settlement proceeds.

In cases involving minors, the Court has a special duty, derived from Federal Rule of Civil Procedure 17(c), to safeguard the interests of litigants who are minors. This duty requires the Court to conduct "its own inquiry to determine whether the settlement serves the best interests of the minor." *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011); *see also Salmeron v. United*

STIPULATED ORDER APPROVING MINOR
SETTLEMENT
[NO. 3:21-cv-05800-DGE] - 2

1  *States*, 724 F.2d 1357, 1363 (9th Cir. 1983) (holding that "a court must independently investigate
2  and evaluate any compromise or settlement of a minor's claims to assure itself that the minor's
3  interests are protected, even if the settlement has been recommended or negotiated by the minor's
4  parent or guardian ad litem.").

5  The Court's inquiry is limited to "the question [of] whether the net amount distributed to
6  each minor plaintiff in the settlement is fair and reasonable, in light of the facts of the case, the
7  minor's specific claim, and recovery in similar cases." *Robidoux*, 638 F.3d at 1181–82.  This
8  inquiry must be performed "without regard to the amount received by adult co-plaintiffs and what
9  they have agreed to pay plaintiffs' counsel." *Id.* at 1182.  "So long as the net recovery to each
10 minor plaintiff is fair and reasonable in light of their claims and average recovery in similar cases,
11 the district court should approve the settlement as proposed by the parties." *Id.*  Courts apply that
12 standard in cases involving both federal and state claims.  *See Doe ex rel. Scott v. Gill*, No. C 11-
13 4759 CW, 2012 WL 1939612, at *2 (N.D. Cal. May 29, 2012).

14 Here, the Settlement Guardian ad Litem proposed two settlement allocations that would
15 award N.R. either 66.66 percent or 80 percent of the net settlement proceeds.  Considering both
16 proposed allocations, without regard to the amount received by the adult co-plaintiffs, the Court
17 concludes that it is in the best interest of N.R. to receive 80 percent of the net settlement proceeds.
18 The Court further concludes this amount is fair and reasonable.

19    8.    The net proceeds payable by Defendants for the benefit of the minor, N.R., shall be
20 funded via a Trust. This Trust will be managed by NW Trustee and Management Services in
21 accordance with the terms contained in Dkt. No. 392-2 .

22    9.    The Legal Guardian of the minor, N.R., Megan F. Wabnitz (now Megan F. Tibbetts),
23 is authorized to sign all settlement agreements and releases on behalf of the minor, N.R. The

24
25 STIPULATED ORDER APPROVING MINOR
SETTLEMENT
[NO. 3:21-cv-05800-DGE] - 3

personal representative of the estate, John Rapp, is authorized to sign all settlement agreements and releases on behalf of the estate.

10. Confirmation of the funding of the Trust for the minor shall be confirmed by a filing in the King County Superior Court estate action, cause no. 20-4-01303-7 SEA.

11. After the Trust is funded, the Settlement Guardian ad Litem is discharged from all further duties.

DATED this 16th of January, 2026.

_____
DAVID G. ESTUDILLO
United States District Judge

STIPULATED ORDER APPROVING MINOR SETTLEMENT
[NO. 3:21-cv-05800-DGE] - 4